## CHILDERS v. EAGLE PICHER LEAD CO.
### Civil No. 68.

District Court, W. D. Missouri, S. W. D.

Nov. 6, 1940.

Philip R. Wimbish of Tulsa, Okl., for plaintiff.

George E. Phelps, of McReyholds & Flanigan, of Carthage, Mo., for defendant.

REEVES, District Judge.

The motion to dismiss is based on two propositions: (a) That no cause of action is stated, and (b), that the plaintiff is without right to sue.

The suit is brought under Section 3263, R.S. Mo.1929, Mo.St.Ann. § 3263, p. 3371. This section with related sections of the Missouri statute confers a right of action for damages upon certain survivors of a decedent who had been negligently killed by another. The statute, however, is limited to those cases where the victim, if death had not ensued, would have been entitled to maintain an action and recover damages for his injuries resulting from such negligence.

According to the complaint of the next friend, Ferdie A. Childers, the decedent, and father of the minor, died on August 8, 1939. It is alleged that during the years 1924 to 1928 inclusive he was employed by the defendant in its manufacturing plant at Joplin, Missouri, "where it processed and manufactured lead oxides, plumbers lead goods and insulating materials." While thus employed he was exposed to "poisonous dust, gases, vapors and fumes in harmful quantities," and that such exposure was made in the course of his employment. It is further charged that the defendant was negligent in thus exposing its employees to the dangers and hazards of the employment, and, although having knowledge

thereof, failed and neglected to warn the decedent or to provide him with safeguards against poisoning, and that neither did the defendant provide facilities for carrying off such fumes. It is alleged that, as a result of this negligence, the decedent became afflicted, ceased his employment in the year 1928, and, as a result of an occupational disease contracted by him in his employment, died.

It is the contention of the defendant that upon the face of the petition the right of action was barred to the decedent in his lifetime and that the plaintiff would therefore have no right now to maintain the action. This will be noticed.

■ 1. The statute under which this suit was brought creates a cause of action which did not exist before. Under the common law, one injured by the wrongful acts or neglect of another could maintain an action for damages. Upon the death of the complainant the cause of action did not survive but abated. The legislature of Missouri chose to provide for a right of action supplemental to and complementary of the right that abated at common law upon the death of the injured party. The statute did not make the new cause of action dependent in any way upon the vigilance or activities of the decedent. It simply said that if the neglect or default of another "would * * * have entitled the party injured to maintain an action and recover damages in respect thereof, then, * * * the person who or the corporation which would have been liable if death had not ensued shall be liable to an action for damages, notwithstanding the death of the person injured."

The section shows that the right to sue was conferred by statute in those cases only where the party injured should have had a right to sue if death had not ensued. It may be argued that it was not the death that extinguished the right of the injured party in this case, but that he would have had no right to sue at the time death ensued because his claim was already barred.

■ I do not so understand the laws prescribing periods within which actions might be brought. Such statutes are not matters of substantive right. They are available only as defenses. If the averments of the complaint are true, then the decedent had a cause of action until his death. It is true the defendant may have successfully interposed the defense of the bar of limitation, but nevertheless his cause of action was not extinguished, it could only be barred. It was within the right of the defendant to waive the defense of the bar and contest the claim on its merits. It would follow, therefore, that the decedent would have been entitled to sue clear up until his death.

Another question was presented on this point that deserves attention. Section 860, R.S. Mo.1929, Mo.St.Ann. § 860, p. 1136, prescribes periods of limitations of civil actions. It says: "* * * that for the purposes of this article, the cause of action shall not be deemed to accrue when the wrong is done or the technical breach of contract or duty occurs, but when the damage resulting therefrom is sustained and is capable of ascertainment."

■ It may be supposed that the decedent was throughout his life unaware of the nature and cause of his affliction, and that full ascertainment was only made after his death. Under such circumstances the bar of the statute would not affect him and certainly it would not affect the plaintiff.

■ 2. While in the foregoing the question of limitation was adverted to and discussed, yet it seems proper to suggest that, in view of this discussion, even if the statute of limitations is applicable, an issue of fact may arise under the statute as to whether or not the claim of the decedent was actually barred by limitation. Since the claim of the bar is defensive and not a challenge to the sufficiency of the petition or the right of the plaintiff to maintain the action, same should be overruled at this stage of the case. Whatever rights the defendant may have with respect to it can be preserved in its answer.

The motion to dismiss will be overruled, and the defendant will be given thirty days to plead further.