PORTER, Price Administrator, v. ELLIOTT.

Civil Action No. 4823.

District Court, W. D. Pennsylvania.

April 12, 1946.

Thomas F. Garrahan and A. Morris Ginsburg, both of Pittsburgh, Pa., for plaintiff.

Meyer W. Gordon, of Pittsburgh, Pa., for defendant.

WALLACE S. GOURLEY, District Judge.

This is a civil action brought by the Administrator of the Office of Price Adminis-

tration against the defendant, James Elliott, trading as Elliott Second Hand Store, under and pursuant to the provisions of Section 205(a) of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix § 901 et seq.

It is the contention of the plaintiff that the defendant has violated the provisions of Section 4(a) of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix § 901 et seq., more particularly the defendant has violated the provisions of Maximum Price Regulations 372, 527 and 139.

The Regulations above referred to govern the sale of used domestic washing machines, used domestic gas cooking ranges, and used household mechanical refrigerators, and in connection therewith, the complainant demands injunctive relief together with the right of recovery for treble damages based on the alleged violations of said Regulations.

This case comes before the Court on a motion filed by the defendant to dismiss the complaint, it being contended that the complaint was inadequate to support any right of recovery. At the time of argument, counsel for the defendant contended that the plaintiff should have set forth, where it has been averred that payment was received of certain sums from the purchasers of said commodities, the method in which payment was made, i. e., that payment was either made in cash or by the exchange of something of value.

In connection with the claim for injunctive relief, it is contended by the defendant that it is necessary for the complainant to set forth that violations of said Regulations have continued within a reasonable time prior to the filing of the complaint, and that where said allegation does not appear, the Court has no basis on which to grant equitable relief.

Under the provisions of Rule 12(b) (6) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, it is provided, inter alia, that a motion to dismiss a complaint may be filed where it is believed that the allegations of fact set forth in the complaint fail to set forth any claim upon which relief can be granted.

It is a settled principal of law that a complaint should not be dismissed unless it appears to a certainty that the plaintiff would not be entitled to relief under any set of facts which could be proved in support of the allegations set forth therein. Furthermore, the complaint should be viewed in a light most favorable to the plaintiff, and the truth of the facts well pleaded, including facts alleged on information and belief, or admitted. Continental Collieries, Inc., v. Schober, 3 Cir., 130 F.2d 631; 28 U.S.C.A. following Section 723c, Federal Rules of Civil Procedure, Rules 8(f) and 12(b) (6); Carroll et al. v. Morrison Hotel Corp., 7 Cir., 149 F.2d 404; Garbutt v. Blanding Mines Co., 10 Cir., 141 F.2d 679; Galbreath v. Metropolitan Trust Co. of California et al., 10 Cir., 134 F.2d 569.

In connection with the demand for treble damages on the basis of the alleged overcharges, it is not necessary for the plaintiff to set forth the method in which payment for the commodities sold by the defendant was made by the purchasers. It would make no material difference, if an overcharge has been made, whether payment was made in cash or by the exchange of some other commodity or thing of value since the basis for the right of recovery under Section 205(e) of the Emergency Price Control Act of 1942, as amended, 50 U.S.C.A.Appendix § 925(e), is that the defendant exceed the ceiling price which had been established by the regulation or that an overcharge was made in excess of said ceiling price.

Considering the argument of the defendant that the claim for injunctive relief should be dismissed for the reason that the complainant does not set forth that the violations of the Regulations have continued to the time of the filing of the Complaint for a reasonable period prior thereto, it is the opinion of the Court that said objection is without merit.

It is the duty of the Court, in the exercise of its discretion as to whether injunctive relief should be granted, to proceed in the light of the large objectives of the Act, and the standards of public interest, not the requirements of private lit-

igation measure the propriety and need of injunctive relief. Hecht Co. v. Bowles, 321 U.S. 321, 64 S.Ct. 587, 88 L.Ed. 754.

A writ of injunction can never be used to punish for past offenses, but it should be used only to stop existing or threatened violations. Considerations should, therefore, be given as to whether the acts were willfully or innocently done, will they be repeated, will irreparable injury come to the public, or will the interests of the public be best served with some other form of relief. Bowles v. Swift & Co., D.C., 56 F.Supp. 679; Swift & Co. v. United States, 276 U.S. 311, 48 S.Ct. 311, 72 L.Ed. 587; Walling v. Shenandoah Dives M. Co., 10 Cir., 134 F.2d 395; Bowles v. Carnegie-Illinois Steel Corp., 7 Cir., 149 F.2d 545; Brown v. Conner, D.C., 63 F.Supp. 315; and Bowles v. Hall and Bowles v. Holliday, D.C., 62 F. Supp. 486.

There is no way presently that the Court could definitely decide whether injunctive relief should be granted, but if the allegations of fact which refer to the violations of the Regulations set forth in the complaint are proved by the complainant, it certainly would be the duty of the Court to grant injunctive relief against the defendant.

It is, therefore, the belief of the Court that the complaint sets forth sufficient allegations of fact upon which right of recovery could be had, both for money damages and equitable relief, and the motion of the defendant to dismiss the complaint is, therefore, denied.