O. S. Baysinger, Appellant, v. Otto C. Hanser.—No. 40016.—199 S. W. (2d) 644.

Division Two, February 10, 1947.

*Wayne Ely* and *James C. Jennings* for appellant; *Lewis H. Cook* of counsel.

*James E. Garstang* and *David A..McMullan* for respondent; *Carter, Bull, Garstang & McNulty* of counsel.

BARRETT, C.—In this action the petition alleges that the defendant, Dr. Otto C. Hanser, undertook to treat and prescribe for the plaintiff's wife but that in doing so he failed and neglected to exercise ordinary care with the result that the plaintiff's wife died. Mrs. Baysinger is alleged to have died as a result of the doctor's negligence on December 8, 1943. Her husband, O. S. Baysinger, instituted this action for damages in the sum of $10,000.00 on the 18th day of September 1945 and the decisive question is whether his cause of action is under and barred by the one year limitation of our wrongful death statute (Mo. R. S. A., Sec. 3656) or whether it is under and covered by the two year limitation of our statute governing the period of time in which action for malpractice shall be commenced. Mo. R. S. A., Sec. 1016. The trial court sustained the defendant's motion to dismiss the plaintiff's petition for the reason that the petition, upon its face, failed to state a claim upon which relief could be

1044

granted. Civil Code, Sec. 62. The defendant's theory is that the plaintiff's petition shows upon its face that the action is for wrongful death and is therefore barred by the one year statute of limitation. On the other hand, the plaintiff contends that the action, upon its face, is one for malpractice and therefore not barred because suit was instituted within two years of his wife's death.

The defendant's motion to dismiss was upon the ground that "the petition filed by plaintiff therein shows upon its face that the plaintiff has no claim against defendant on which relief can be granted." The plaintiff makes the preliminary point that the statute of limitations is an affirmative defense and therefore the defendant, not having specially and specifically pleaded the statute of limitations, had waived the defense or objection in so far as the petition and motion to dismiss are concerned. But the cases upon which the plaintiff relies were tried upon the merits (Dyer v. Brown (Mo. App.), 25 S. W. (2d) 551); in one the statute of limitations was pleaded as a defense (Ottenad v. Mount Hope Cemetery & Mausoleum Co. (Mo. App.), 176 S. W. (2d) 62) but in neither case was it determinable from the face of the petition whether the cause of action was barred by some statute of limitation and the question of whether either petition was therefore demurrable was not presented. It was decided, at least inferentially, that a petition in a wrongful death case was demurrable as failing to state a cause of action if it appeared from the petition that the cause of action was barred by the statute of limitations (Chandler v. Chicago & Alton R. Co., 251 Mo. 592, 158 S. W. 35) and now the question is whether that rule has been altered by the Civil Code.

The use of demurrers has been abolished (Civil Code, Sec. 59) but the motion to dismiss, for failure ■■■ to state a claim upon which relief can be granted when that objection appears upon the face of the petition (Civil Code, Sec. 62), performs the same function heretofore performed by demurrers. Dennis v. Village of Tonka Bay, 151 Fed. (2d) 411. However, as to statutes of limitation the civil code specifically provides that "In pleading to a preceding pleading, a party shall set forth affirmatively . . . statute of limitations." Civil Code, Sec. 40. In substance all these sections of the code were adapted from the federal code. Federal Rules 8c, 12h. There is an additional rule in the federal code which provides that "For the purpose of testing the sufficiency of a pleading, averments of time and place are material and shall be considered like all other averments of material matter." Federal Rule 9(f). Despite this latter section in the federal rules the decisions of the federal courts are in irreconcilable conflict upon the problem of whether the bar of the statute of limitations may be raised by a general motion to dismiss when the objection appears upon the face of the petition. See the collection of cases 28 U. S. C. A., Sec 723c, Rule 8, note 23.

The United States District Court for the Western District of Missouri in construing our wrongful death statutes has held that the period of limitation provided by those statutes is not a matter of substantive right, does not extinguish the cause of action, and is available only as a defense and therefore could not be raised by a motion to dismiss. Childers v. Eagle Picher Lead Co., 35 Fed. Supp. 702. It should be noted, however, that the objection in that case was ''that upon the face of the petition *the right of action was barred to the decedent in his lifetime* and that the plaintiff would therefore have no right now to maintain the action'' hence, as the court pointed out, whether the action was barred in the decedent's lifetime probably presented an issue of fact. Here the objection, if applicable, appears upon the face of the petition. Our wrongful death statutes created a new right, a new and different cause of action (Cummins v. Kansas City Pub. Serv. Co., 334 Mo. 672, 66 S. W. (2d) 920) and at the same time introduced into the terms of the statutes as an inherent part of the cause of action a time limit for its maintenance (5 Cyclopedia of Federal Procedure, Sec. 1514) and we are committed to the view that the limitations of the death statutes are matters of substantive right and not mere technical limitations or bars to the remedy. Barker v. Hannibal & St. Jos. Ry. Co., 91 Mo. 86, 14 S. W. 280; Chandler v. Chicago & Alton R. Co., supra; 16 Am. Jur., Sec. 286. In these circumstances, if the action is under the wrongful death statutes and it appears from the petition that the statutory limitation period has expired, the objection may be raised under the civil code by motion (Gossard v. Gossard, 149 Fed. (2d) 111, 113; Hartford-Empire Co. v. Glenshal Glass Co., 47 Fed. Supp. 711, 714) as it is elsewhere generally raisable by demurrer. Annotation 107 A. L. R. 1048, 1051. In this case it would seem to be a useless waste of time to hold otherwise as the defendant would make the same objection by answer if the cause were remanded for the sole reason that the objection could not be made by a motion to dismiss. Pearson v. O'Connor, 2 F. R. D. 521.

■ The appellant points to the definition of malpractice and to the allegations of his petition and says that plainly the charge and foundation of his action is for damages for malpractice and not for wrongful death. Even though the petition alleges that Mrs. Baysinger died as a result of the doctor's omissions it is urged nevertheless that the action is for malpractice. The two year limitation period for the commencement of actions for malpractice was enacted in 1921, subsequent to the enactment of the wrongful death statutes. The act of 1921 repeals all laws inconsistent with it (Laws Mo. 1921, p. 197) and therefore it is urged, when the action is for malpractice, that the two statutes conflict and the one subsequently enacted prevails as a qualification or exception to the general statute. Section 1016 says ''*All actions* against physicians, . . . for mal-

1046

practice, error, or mistake shall be ▮▮▮ brought within two years'' and it is contended, consequently, that the legislature did not intend to limit the application of the two years' provision to instances of malpractice in which the patient did not die, if it had it would have done so in explicit language.

There can be no doubt, if the action is in fact for malpractice, that it is governed by the two years statute of limitations. Barnhoff v. Aldridge, 327 Mo. 767, 38 S. W. (2d) 1029. But neither the definitions of malpractice nor the fact of the plaintiff's allegations with reference to malpractice are particularly helpful in the solution of the problems posed by this case. ''The limitation is not determined by the form of the action, but by its object. The improper performance by a physician or surgeon of the duties·devolved and incumbent upon him and the services undertaken by him, . . . whereby the patient is injured in body and health, is malpractice, . . . '' Barnhoff v. Aldridge, 327 Mo. l. c. 771, 38 S. W. (2d) l. c. 1031.

After all the significant and compelling fact is that the plaintiff's allegations of malpractice are in tort. Braun v. Riel (Mo.), 40 S. W. (2d) 621, 623; Sartin v. Springfield Hospital Ass'n. (Mo.), 195 S. W. 1037. Harsh though the rule may be (21 U. of Mo. B. B. 37, 40), the tort or wrong of malpractice is a personal wrong to the wife and since she had not instituted an action to recover for that personal wrong or injury the right to do so did not survive to her husband. Mo. R. S. A., Secs. 98, 99; 1 Am. Jur., Sec. 112; Ann. Cas. 1912D, pp. 866, 870. ''At common law an action for an injury to the person caused by the want of skill or negligence of a surgeon, . . . did not survive the death of either party.'' Wolf v. Wall, 40 Ohio St. 111. The plaintiff does not claim in his petition or upon this appeal that he seeks to recover any consequential damages resulting personally to him as a consequence of the wrong to his wife. 1 C. J. S., Sec. 146, p. 203. He alleges that his wife died as a direct result of the doctor's omissions and misconduct and he is bound by that allegation (Woodruff v. Shores, 354 Mo. 742, 190 S. W. (2d) 994) even though we construe his petition most favorably to him (Porter v. Elliott, 5 F. R. D. 223) and so as to effectuate ''substantial justice.'' Civil Code, Sec. 51. When the wrong of malpractice to the wife results in her death the husband's suit and the object of his action is of necessity for and under the wrongful death statute and not for the personal wrong of malpractice (Bloss v. Dr. C. R. Woodson Sanitarium, 319 Mo. 1061, 5 S. W. (2d) 367) in the same manner that death resulting from any tortious act gives rise to a right of action for the wrongful death rather than for the personal tort. State ex rel. Nat. Ref. Co. v. Seehorn, 344 Mo. 547, 551, 127 S. W. (2d) 418, 420-421; Jordan v. St. Joseph Ry., Light, Heat & Power Co., 335 Mo. 319, 73 S. W. (2d) 205. See also the annotations in 80 A. L. R. 480 and 115 A. L. R. 1026. Since it appears upon the face of the

plaintiff's petition that his action was not instituted within the limited period of one year the court properly sustained the defendant's motion to dismiss the suit for the reason that it was barred by the statute of limitations. Mo. R. S. A., Secs. 3652, 3653, 3654, 3656; annotation 107 A. L. R. 1048.

Accordingly the judgment is affirmed. *Westhues* and *Bohling, CC.,* concur.

PER CURIAM:—The foregoing opinion by BARRETT, C., is adopted as the opinion of the court. All the judges concur.