229 S.W.2d 695 (1950)
ABBOTT
v.
SEAMON.
No. 6936.
Springfield Court of Appeals. Missouri.
March 31, 1950.
*696 E. C. Hamlin, Springfield, E. A. Barbour, Jr., Springfield, for appellant.
Fred A. Moon, Spingfield, for respondent.
McDOWELL, Judge.
This appeal is from the action of the trial court sustaining a motion to dismiss plaintiff's cause of action because it failed to state grounds upon which relief could be granted.
The petition was filed in the Circuit Court of Greene County, Missouri, Division No. 2, May 10th, 1949. On June 9th, 1949, defendant filed a motion to dismiss for the reason that the petition failed to state a claim upon which relief could be granted.
August 6th, 1949, the court sustained defendant's motion to dismiss plaintiff's petition, from which judgment plaintiff appealed to the Supreme Court and the cause was transferred by the Supreme Court to the Springfield Court of Appeals.
Plaintiff's petition, omitting the caption, is as follows:
"Now comes the plaintiff and for his cause of action, states that plaintiff and defendant are both residents of Greene County, Missouri.
"Plaintiff states that on October 6th, 1945, there was an action for accounting pending between the plaintiff and defendant, and final judgment in said accounting suit was rendered and entered of record on October 26th, 1945, and a copy of said judgment is hereto attached as exhibit number one and made part of this petition.
"Plaintiff further states that on the 11th day of January, 1946, the Court attempted to correct and amend its final judgment entered of record October 26th, 1945, by a nunc pro tunc order entered of record on January 11th, 1946. Plaintiff further states that on the 11th day of January, 1946, that the Court was without jurisdiction of the persons and the subject matter, for more than thirty days had passed since the entry of the final judgment on October 26th, 1945; and that on the 11th day of January the trial court had lost all control over the judgment entered on October 26th, 1945, and that the said nunc pro tunc order was and now is a void order, copy of said nunc pro tunc order is hereto attached and made a part of this petition, and marked exhibit 2.
"Plaintiff further states that the nunc pro tunc order made by the Court was an attempt by the Court to correct its judicial error, in that the judgment of October 26th, 1945, was not complete.
"That the Court was without authority to make the order on January 11th, 1946, to correct any mistakes, or oversights or to make an order different from the one previously made. Plaintiff further states that the nunc pro tunc order of January 11th, 1946, shows on its face that it was made by the Court to amend and to correct the judgment entry made on October 26th, 1945, for the reason that judgment of October 26th, 1945, was incomplete.
"Plaintiff further states that on the 12th day of March, 1949, the Court without first obtaining jurisdiction of the persons or the subject matter, and acting without any authority whatsoever entered of record, the following order: `It now appearing that the sheriff has not fully complied with the judgment of this Court rendered October 26th, 1945, and spread on the record January 11th, 1946, it is ordered that he forthwith do so.' This order is of record in Book 186, page 387, in the Circuit Clerks office of Greene County, Missouri.
"Plaintiff further states that Glen Hendrix, Sheriff of Greene County, Missouri, acting on the order made by the court on the 12th day of March, 1949, delivered to the defendant a cashiers check in the amount of $4123.00 and of the value of $4123.00 the property of this plaintiff. Plaintiff further states that the order made on the 12th day of March, 1949, was and is now a void order, for the court was without jurisdiction to make said order, and plaintiff further states that the making of said order by the court was a violation of the due process of law clause of the state constitution *697 of 1945, article one, section ten [Mo.R.S.A.]
"Wherefore: Plaintiff prays for a judgment setting aside and held for naught the nunc pro tunc order made on January 11th, 1946, and recorded in Book 183, page 433, in the Circuit Clerks office of Greene Countl, Missouri, and also for judgment setting aside the court order made on the 12th day of March, 1949, and for his costs."
Exhibit 1 is as follows:
"On October 26th, 1945, the Court, by order made and entered of record, sustained Defendant's said motion as to Item I and overruled all other items, as follows: (Caption Omitted)
"`Comes now on for hearing by the Court Defendant's motion, heretofore filed herein, praying to set aside its findings and to hear additional evidence as to the finding pertaining to the rent on the apartment and to make new findings herein, and said motion being now heard and fully understood is by order of the Court sustained as to Item I and Defendant is allowed additional credit of $188.76 and said motion is overruled as to all other items.
"`It is therefore considered, adjudged and ordered by the Court that Defendant be and is hereby allowed an additional sum of $188.76 out of the account of the firm of the Abbott Coal Company.'"
Exhibit 2 is as follows:
"And thereafter, on the 11th day of January, 1946, the Court by its order amended the order previously made on the 26th day of October, 1945 by nunc pro tunc order as follows:
(Caption Omitted)
"`Now on this day it appearing from the records and the files of this Court that final judgment herein was rendered on the 6th day of October, 1945, and that thereafter the defendant filed a motion to modify the said judgment, which motion was by the Court on the 26th day of October, 1945, sustained in part so as to allow the defendant an additional credit on his account with the firm of the Abbott Coal Company in the sum of $188.76, and that the record entry of the ruling on said motion is incomplete and does not clearly set forth the accounts of each of the parties with the said firm in accordance with the order made by the Court as aforesaid, now, therefore, it is ordered that the record entry of the ruling on said motion made on the 26th day of October, 1945, and recorded in Book 183, Page 337, be amended and corrected nunc pro tunc so as to read as follows, to-wit:
"`Comes now on for hearing by the Court Defendant's motion, heretofore filed herein, praying to set aside its findings and to hear additional evidence as to the findings pertaining to the rent on the apartment and to make new findings herein, and said motion being now heard and fully understood is by order of the Court sustained as to Item 1 and Defendant is allowed additional credit of $188.76 and said motion is overruled as to all other items.
"`It is therefore considered, adjudged and ordered by the Court that Defendant be and is hereby allowed an additional sum of $188.76 out of the account of the firm of the Abbott Coal Company, so that the said judgment when so amended shall read as follows, to-wit:
"`It is now ordered by the Court that Lincoln Abstract Company be and is hereby allowed the sum of $16.50 as abstract fees in this cause, same to be taxed as costs herein, and it is further ordered by the Court that J. L. Branstetter be paid the sum of $374.50 out of the partnership funds of the parties in this cause.
"`Now on this day come again the above parties, Plaintiff and Defendant, by their respective attorneys, and this cause coming on to be heard on an accounting of the firm of the Abbott Coal Company the said parties announce ready for trial and this cause is submitted to the Court for hearing; and the Court proceeds to hear the evidence and being sufficiently advised in the premises the Court finds that Austin C. Abbott is indebted to the firm in the sum of $4,560.94; that the firm owes Gertrude Seamon the sum of $3,535.56; that the value of the net assets is $1,025.38, of which each partner is entitled to one-half, or $512.69, so that Austin C. Abbott should pay to the Sheriff $3,535.56, plus $512.69, a total of $4,048.25 and that Gertrude Seamon *698 is entitled to receive said amount before any division of the funds in the Sheriff's hands.
"`It is therefore considered, adjudged and ordered by the Court that the Sheriff distribute the fund in his hands as follows:
"`1. Pay all costs accrued to this date.
"`2. Divide the balance of said fund in two equal parts.
"`Pay to Plaintiff, Gertrude Seamon, 4,048.25, plus one-half of said fund.
"`4. Subtract $4,048.25 from the remaining half of said fund and pay the balance to Austin C. Abbott.'"
Defendant's motion, omitting the caption, is as follows: "1. Comes now the defendant in the above entitled case and files a motion asking that said case be dismissed for the reason that the petition fails to state a claim upon which relief can be granted."
We shall refer to appellant as plaintiff and to the respondent as defendant in this opinion.
Section 62, Laws of Missouri 1943, page 375, Mo.R.S.A. § 847.62, reads as follows: "The objections of failure to state a claim upon which relief can be granted * * * may be raised by motion when these objections appear on the face of the pleadings." State ex rel. Utoff v. Russell, Mo.App., 210 S.W.2d 1017, 1022.
The old demurrer has been abolished but a motion to dismiss for failure to state a claim upon which relief can be granted when the objection appears upon the face of the petition performs the same function heretofore performed by demurrer. Baysinger v. Hanser, 355 Mo. 1042, 199 S. W.2d 644.
In determining the sufficiency of plaintiff's petition to state a cause of action it is the duty of the appellate court to treat all facts well pleaded in the petition as the facts in the case. Bank of Noel v. City of Anderson, Mo.App., 149 S.W.2d 917; Columbia Terminals Co. v. Koeln, 319 Mo. 445, 3 S.W.2d 1021.
This is the third time this case has reached the court of appeals. The first time the appeal was from the judgment in the accounting case on October 26th, 1945, as a final judgment. The same contention is made here that that judgment was a final judgment. The court dismissed the appeal holding that it was premature. Seamon v. Abbott, Mo.App., 203 S.W.2d 139, 141.
The court, in that case, held that the order of the trial court entered January 11th, 1946, as an order "nunc pro tunc" was a final judgment and that the order of October 26th, 1945, was not a final judgment.
The cause was again appealed to this court from an order of the trial court overruling a motion to set aside the judgment for irregularities patent on the face of the record. This opinion appears in Abbott v. Seamon, Mo.App., 217 S.W.2d 580.
On page 582 of 217 S.W.2d of this second appeal, under (2), the appellant contended that the court was without authority to render judgment on the 11th day of January, 1946, to correct any mistakes, oversights, or judicial errors, or to render a judgment different from the one previously rendered and, under (3) in this appeal, appellant states that there was no record evidence that would authorize or give the court jurisdiction to enter the nunc pro tunc order on the 11th day of January, 1946, and, under (4), appellant contended that the nunc pro tunc order was entered without notice to appellant and without his consent.
In the second appeal this court held that the order made by the trial court January 11th, 1946, called a nunc pro tunc order, in no way changed or modified the judgment of the court entered October 6th, 1945, as modified by the trial court's ruling on appellant's motion to modify October 26th, 1945. On page 585 of 217 S.W.2d of this second appeal this court made the following statement:
"Appellant's second ground for cause of action states that the trial court was without authority to render judgment on the 11th day of January, 1946, to correct any mistakes, or oversights, or judicial errors, nor to render a judgment different from the one previously rendered. We agree with appellant that had he pleaded any facts in his motion to justify a finding that the court, in its order made on the 11th day of January, 1946, did correct mistakes or oversights, or judicial errors, and did render *699 a judgment different from that rendered on October 26, 1945, that such judgment would be void and beyond the power of the court to make as a nunc pro tunc order, but appellant's motion states no such facts. Appellant's motion states that the trial court's order made on the 11th day of January, 1946, was made because the record entry of the ruling on said motion was not complete and did not clearly set forth accounts of each party with the said firm in accordance with the order made by the trial court."
In Wiggins v. Perry, 343 Mo. 40, 119 S.W.2d 839, 842, 126 A.L.R. 949, the court states the law as follows: "`A nunc pro tunc entry can only be employed to correct a clerical mistake or misprision of the clerk.' Such an entry cannot be invoked to `correct a mistake or oversight of the judge, nor be used to correct judicial errors, nor to render a judgment different from that actually rendered, even though the judgment actually rendered was not the judgment the judge intended to render.'"
We held in the second appeal that the nunc pro tunc order made by the trial court in this case, January 11th, 1946, was a valid order.
In plaintiff's brief, under "statement of case", he states:
"The grounds alleged in the petition is that the Court can not by a nunc pro tunc order correct its judicial error or enter a judgment different from one previously rendered.
"The petition also states that the Court had lost all jurisdiction in the case, for more than thirty days had passed since the entry of final judgment on October 26th, 1945; and for this same reason the Court was without jurisdiction to make the order it made on the 12th day of March, 1949."
To support his contention, plaintiff, under allegations of error and points and authorities, makes many statements of law and cites numerous authorities.
First, plaintiff says that the objections raised by a motion to dismiss for failure to state a cause of action must appear on the face of the pleadings. With this contention we agree. He then states that the defendant's motion fails to state in what manner the petition was defective. There is no merit in this contention. Civil Code, Section 62, Laws of Mo.1943, page 375.
Plaintiff next states that the court's lack of jurisdiction is shown by its judgment entry of January 11th, 1946, plaintiff's exhibit No. 2. With the contention made by plaintiff in this statement, we cannot agree. The order of the trial court, as shown in plaintiff's exhibit 2, is a valid order and the exhibit shows that the court, in no way, corrected a judicial error or a mistake made by the court or rendered a judgment different from that previously rendered. If the order was nunc pro tunc, as the trial court called it, it was a valid order and plaintiff's exhibit 2 clearly shows that to be true.
If the order, made by the trial court on January 11th, 1946, as shown in plaintiff's exhibit 2, was a judgment entry in extenso, prepared by the court and spread of record on January 11th, 1946, as held by this court in Seamon v. Abbott, Mo.App., 203 S.W.2d 139, then, clearly, the order was valid and there was no final judgment until that time. In other words, the trial court merely made notes of his findings on the motion to modify, heard October 26th, 1945, and actually decided the motion January 11th, 1946, which was the final judgment. Under either theory of the case, the petition fails to state a cause of action.
Plaintiff further complains that the trial court had no jurisdiction to render judgment January 11th, 1946, because said order was made more than thirty days after the entry of final judgment on the 26th day of October, 1945. This contention has no merit. Under our former civil procedure, the court could modify or change a judgment during the term. Under the new rules of civil procedure, terms of court have been abolished and the trial court is limited to thirty days but neither of these rules ever applied to orders nunc pro tunc. In Vaughn v. Kansas City Gas Co., 236 Mo.App. 669, 159 S.W.2d 690, 693, the court states the law: "Our courts have frequently held that an order correcting nunc pro tunc a judgment can be made at a subsequent term. * * *."
*700 In Wood's Pharmacy v. Kenton, 50 Ariz. 53, 68 P.2d 705, 706, the court says: "`The office of a nunc pro tunc entry is not to make an order now for then, but to enter now for then an order previously made.'"
In Huggins v. Johnston, Tex.Civ. App., 3 S.W.2d 937, 940, the court states: "The only purpose of a nunc pro tunc entry is to correctly evidence upon the records of the court a judgment, decree or order actually made by the court, but for some reason not entered of record at the proper time."
Now the facts pleaded at bar in plaintiff's petition, in exhibit 2, which plaintiff makes a part of said petition, clearly shows that all the court did in his order of January 11th, 1946, was to make an entry to correctly evidence upon the record of the court a judgment, decree, or order actually made by the court, October 26th, 1945, but for some reason not entered of record at the proper time.
In Vaughn v. Kansas City Gas Co., supra, a nunc pro tunc order was made by the court after the cause had been appealed. The court stated the law thus: "`The court had lost its jurisdiction of the case, but not of its records. It had authority, as well after as before the appeal, to amend its records according to the truth, so that they should accurately express the history of the proceedings which actually occurred prior to the appeal.'" [236 Mo.App. 669, 159 S.W.2d 693]
We hold there is no merit in plaintiff's contention that the judgment of the trial court, made on January 11th, 1946, was void because there had been a lapse of thirty days since final judgment.
An examination of the authorities cited by plaintiff in no way conflict with this holding. We are in accord with the law expressed in all of the authorities cited in plaintiff's brief but they, in no way, support plaintiff's contention.
There is no doubt that a judgment which is void for lack of jurisdiction can be attacked collaterally. In fact, we agree with plaintiff in all of his contentions as to propositions of law but we hold that the facts pleaded in his petition are insufficient to justify findings for plaintiff that his petition states a cause of action.
Plaintiff contends that the order of the trial court made on the 12th day of March, 1949, is void because the court lacked jurisdiction to make such order and that the court, in making the order, violated plaintiff's constitutional rights. Under the facts pleaded in plaintiff's petition, we hold there is no merit in this contention.
The order of the court, as shown by the facts pleaded in plaintiff's petition, was merely a direction to an officer of the court to carry out a judgment already rendered. It could, in no way, affect the rights of this plaintiff.
Judgment affirmed.
VANDEVENTER, P. J., and BLAIR, J. concur.