Glen R. DEMING et al., Appellants,

v.

Arthur Lee WILLIAMS, Respondent.

No. 22953.

Kansas City Court of Appeals.

Missouri.

March 26, 1959.

Howard W. Bevins, H. Gregg Privette, Kansas City, for appellants.

William H. Hoffstot, Jr., Kansas City, Morrison, Hecker, Buck, Cozad & Rogers, Kansas City, of counsel, for respondent.

MAUGHMER, Commissioner.

In this suit appellants seek damages for wrongful death. Sections 537.070 to 537.-100, V.A.M.S. Eugene Deming, age 18 years, died June 20, 1954, as a result of injuries which he that day sustained in Jackson County, Missouri, when the motorcycle on which he was riding as a passenger, collided with a panel truck operated by one Ernest Elmer Doss.

On July 1, 1954, Glen R. and Ella A. Deming, as parents of the deceased, filed their petition in the Circuit Court of Jackson County, asking $15,000 as damages, alleging that his death was caused by the negligence of the said Ernest Elmer Doss in

the operation of the panel truck. On July 11, 1955, Mr. and Mrs. Deming—plaintiffs below and appellants here—filed a first amended petition in which the respondent Arthur Lee Williams was for the first time named as a defendant and made a party to the suit.

On May 13, 1957, the defendant Arthur Lee Williams filed his separate motion to dismiss the cause as to him for the reason that "The action was not filed against him within the time required by statute and the court has no jurisdiction to proceed further". There was attached to this motion an affidavit which alleged (1) Eugene Deming's death occurred June 20, 1954; (2) that on July 1, 1954, when plaintiffs filed their first petition Arthur Lee Williams was a resident of Jackson County, Missouri and subject to lawful process; (3) that plaintiffs' first amended petition naming Arthur Lee Williams as defendant for the first time was not filed until July 11, 1955, or more than one year after the cause of action accrued; and (4) said petition does not state a cause of action as to Williams and the court is without jurisdiction to proceed as to him. The motion to dismiss was overruled on the day filed. Williams filed answer, denying negligence and again asserting that plaintiffs' cause of action as to him was barred because not commenced within one year after it accrued.

Plaintiffs assert that respondent Williams did not raise the limitations question in his first three pleadings. It is true that in his original answer and in his first and second amended answers such defense was not set out haec verba. However, each of these pleadings did deny that plaintiffs' petition stated a claim upon which relief could be granted.

The case was tried to a jury. At the close of plaintiffs' evidence the defendant Williams filed a separate motion for directed verdict on the grounds that the evidence, as a matter of law, was insufficient to show any negligence on the part of Williams which was the proximate cause of damage to plaintiffs, and that the evidence showed conclusively that plaintiffs' cause of action as to Williams was barred by the provisions of Section 537.100, V.A.M.S. for the reason that the suit was not brought within one year after the cause of action accrued. This motion was sustained by the court, judgment entered for the defendant Williams and plaintiffs have appealed.

The transcript shows that thereafter on May 15, 1957, the plaintiffs and defendant Doss, in open court, stipulated and agreed that judgment for plaintiffs and against the codefendant Ernest Elmer Doss be entered in the sum of $2,000. Such judgment was accordingly entered and has become final. The appeal herein was originally lodged in the Supreme Court, presumably because the prayer was for $15,000 damages and, therefore, in excess of $7500, the jurisdictional amount limitation of this court. Section 3, Art. V, 1945 Constitution, 2 V.A.M.S. Thereafter, the parties stipulated that the amount in controversy is $2,000, and that jurisdiction of this appeal is vested in the Kansas City Court of Appeals. By mandate the Supreme Court transferred to this court. Plaintiffs brought a suit alleging joint liability against both Doss and Williams. There was a settlement and judgment entered by agreement in the sum of $2,000, as to Doss. This amount would accordingly be the limit of damages plaintiffs could recover against the joint defendant Williams, and this court therefore has jurisdiction to hear and determine this appeal. McCombs v. Ellsberry, 337 Mo. 491, 85 S.W.2d 135; Hoelzel v. Chicago, R. I. & P. Ry. Co., 337 Mo. 61, 85 S.W.2d 126.

We shall first consider whether plaintiffs' cause of action is barred because suit was not timely commenced as to the respondent Williams. If this proposition is decided adversely to plaintiffs it will be unnecessary to consider the other assignments of error.

Section 537.080 RSMo 1949, V.A.M.S. (all references to the wrongful death statutes are to the provisions as they existed prior to the amendment of 1955) provides:

"Whenever the death of a person shall be caused by a wrongful act, neglect or default of another, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who or the corporation which would have been liable if death had not ensued shall be liable to an action for damages, notwithstanding the death of the person injured".

Section 537.090 authorizes recovery of damages accruing under Section 537.080 " * * * by the same parties and in the same manner as provided in section 537.070." (This section authorizes recovery by the father and mother of a minor and unmarried child). Section 537.100 specifically requires that: "Every action instituted by virtue of sections 537.070 to 537.090 * * * shall be commenced within one year after the cause of action shall accrue;" and then provides that if any defendant after the action accrues shall be absent or depart from the state so that personal service cannot be had, such time shall not be "deemed or taken as any part of the time limited for the commencement of such action against him". Section 516.300, part of the general chapter on statutes of limitations reads: "The provisions of sections 516.010 to 516.370 shall not extend to any action *which is or shall be otherwise limited by any statute;* but such action shall be brought within the time limited by such statute." (Italics supplied).

In Tice v. Milner, 308 S.W.2d 697, 701, the Supreme Court ruled that the filing of a petition and the issuance of a summons, even though not timely served, is the commencement of an action within the meaning of the wrongful death act and its requirement that every such action "shall be commenced" within one year after the cause of action shall accrue.

It seems clear that the cause of action accrued on June 20, 1954, when Eugene Deming died. In Coleman v. Kansas City, 353 Mo. 150, 182 S.W.2d 74, 78, the Supreme Court quoted with approval as follows from 34 Am.Jur., p. 92, Sec. 113: " 'It may be stated as a sound general proposition that a cause of action accrues the moment the right to commence an action comes into existence, and the statute of limitations commences to run from that time.' " And in Hunter v. Hunter, 361 Mo. 799, 237 S.W.2d 100, 103, 24 A.L.R.2d 611, the same court stated it in these words: "A cause of action accrues, and limitations thereon begin to run, when the right to sue arises".

Since enactment of the original death act, two provisions have been added modifying its limitations provisions, viz.: the provision extending the benefits of the general "nonsuit" section to the death act and adding the tolling provisions in case of absence from the state. This was undoubtedly done because the general statutes of limitations tolling provisions do not apply to this special death act, which carries its own limitations. In fact, the provisions of Section 516.300 set out supra, plainly excludes this and other special acts from the general statutes of limitations provisions.

Plaintiffs say that the time limitation for the commencement of their action is a defense that must be specially pleaded or it is waived, and that the action of the trial court in first overruling the motion to dismiss lulled them into a sense of security so that they tried their case believing that defendant must affirmatively show not only that the suit was commenced more than one year after the cause accrued, but also that defendant had not been absent from the state during that period. Respondent Williams says that his motion to dismiss was overruled because plaintiffs' petition did not affirmatively show commencement of the suit (as to Williams) more than one year after the cause of action accrued. We are uninformed as to the actual basis of the trial court's ruling. Such action may have "lulled plaintiffs into a sense of security" but certainly such ruling of the trial court, whatever the reason and whether right or wrong, cannot be ruled to have dissipated the asserted defense.

We quote briefly from two Supreme Court of Missouri opinions. From Baysinger v.

Hanser, 355 Mo. 1042, 199 S.W.2d 644, 646: "Our wrongful death statutes created a new right, a new and different cause of action (Cummins v. Kansas City Public Service Co., 334 Mo. 672, 66 S.W.2d 920) and at the same time introduced into the terms of the statutes as an inherent part of the cause of action a time limit for its maintenance (5 Cyclopedia of Federal Procedure, Sec. 1514) and we are committed to the view that the limitations of the death statutes are matters of substantive right and not mere technical limitations or bars to the remedy". And in Nelms v. Bright, Mo., 299 S.W.2d 483, 487: "An action for wrongful death was not cognizable at common law. Knorp v. Thompson, 352 Mo. 44, 175 S.W.2d 889. Thus it is only by virtue of the wrongful death statutes that any claim or cause of action accrues to the persons named in Section 537.070. Plaza Express Company, Inc. v. Galloway, [365 Mo. 166] 280 S.W.2d 17. * * * Only such persons may sue as the statute permits, and they alone can sue. * * * It must 'be conceded that the section reserves to itself the exclusive power of naming those who can maintain the action and of fixing the time in which each of the enumerated persons could sue.' * * *

" * * * The cause of action in this case accrued at the time of the death of Syble Marie Nelms. Cummins v. Kansas City Public Service Co., supra; Fair v. Agur [345 Mo. 394, 133 S.W.2d 402], supra".

■ The right to obtain damages for wrongful death is a right granted by statute and was nonexistent at common law. He who seeks such a recovery must be in compliance with the prerequisite requirements of relationship to the deceased and time limitation for commencement of the action, which the statutes prescribe. The right of action accrues upon occurrence of the wrongful death. The statute plainly provides that the action "shall be commenced within one year after the cause of action shall accrue". The action is commenced by filing a petition and ordering summons thereon. Tice v. Milner, supra. If the tolling provisions of this particular statute are tolled (by reason of non-residence or absence of defendant or by reason of nonsuit) plaintiff must prove the facts leading to the applicability thereof.

■ Applying these rules to our case it is clear that (1) the cause of action here accrued June 20, 1954, the date on which Eugene Deming died; (2) plaintiffs' action as to respondent Williams was commenced July 11, 1955, when for the first time he was joined as a party defendant. The action, therefore, was not commenced within one year after it accrued. In this record there is no proof of facts which would toll the statute. It follows that the trial court properly sustained respondent's motion for directed verdict.

The judgment is affirmed.

SPERRY, C., concurs.

PER CURIAM.

The foregoing opinion by MAUGHMER, C., is adopted as the opinion of the court.

All concur.