Shirley ROBINSON, Plaintiff-Appellant,

v.

Roy HEATH and Esther Heath, d/b/a
Esther's Tavern,
Defendants-Respondents.

No. 12490.

Missouri Court of Appeals,
Southern District,
Division Two.

April 5, 1982.

Motion for Rehearing Overruled and to
Transfer to Supreme Court Denied
April 21, 1982.

Application to Transfer Denied
June 14, 1982.

James E. Curry, Ava, for plaintiff-appellant.

Charles E. Fowler, III, Patrick K. Roberts, Daniel, Clampett, Rittershouse, Dalton & Powell, Springfield, for defendants-respondents.

PREWITT, Presiding Judge.

Plaintiff's husband, Douglas Robinson, died May 11, 1979. She brought this action on May 28, 1980, seeking damages for his wrongful death. Summary judgment was granted against her because she did not commence the action within one year of her husband's death and he was survived by his mother and father. Under § 537.080, RSMo 1978, if the spouse fails to sue within one year, the claim for wrongful death passes to the father and mother. *State ex rel. Kansas City Stock Yards Company of Maine v. Clark*, 536 S.W.2d 142, 145 (Mo. banc 1976).

Plaintiff contends that as § 537.080, RSMo 1978, was repealed and a new section with that number enacted effective September 28, 1979, she is entitled to proceed under the new section and had three years to bring the action.

Section 537.080, RSMo 1978, states:

"537.080. Action for wrongful death—who may sue.—Whenever the death of a person shall be caused by a wrongful act, neglect or default of another, and the act, neglect or default is such as would, if death had not ensued, have entitled the party injured to maintain an action and recover damages in respect thereof, then, and in every such case, the person who or the corporation which would have been liable if death had not ensued shall be liable to an action for damages, notwithstanding the death of the person injured, which damages may be sued for and recovered

(1) By the spouse or minor children, natural or adopted, of the deceased, ei-

ther jointly or severally; provided, that in any such action the petitioner shall satisfy the court that he has diligently attempted to notify all parties having a cause of action under this subdivision; and provided, further, that only one action may be brought under this subdivision against any one defendant; or

(2) If there be no spouse or minor children or if the spouse or minor children fail to sue within one year after such death, or if the deceased be a minor and unmarried, then by the father and mother, natural or adoptive, who may join in the suit, and each shall have an equal interest in the judgment; or if either of them be dead, then by the survivor; or if the surviving parents are unable or decline or refuse to join in the suit, then either parent may bring and maintain the action in his or her name alone, for the use and benefit of both such parents; or

(3) If there be no husband, wife, minor child or minor children, natural born or adopted as herein indicated, or if the deceased be an unmarried minor and there be no father or mother, then in such case suit may be instituted and recovery had by the administrator or executor of the deceased, and the amount recovered shall be distributed according to the laws of descent." Section 537.100, RSMo 1978, provided that every action instituted under § 537.080, RSMo 1978, must be commenced within two years after the cause of action accrued.

Effective September 28, 1979, §§ 537.080 and 537.100, as well as other sections pertaining to wrongful death, were repealed. For a discussion of these changes see Comment, Patton, Missouri's New Wrongful Death Statute—Highlights of Some Significant Changes, 45 Mo.L.Rev. 476 (1980). Section 537.100, RSMo Supp.1979, provides that every action instituted under § 537.-080, RSMo Supp.1979, shall be commenced within three years after the cause of action accrued. The new § 537.080 now states:

"537.080. Action for wrongful death— who may sue—limitation.—Whenever the death of a person results from any act, conduct, occurrence, transaction, or circumstance which, if death had not ensued, would have entitled such person to recover damages in respect thereof, the person or party who, or the corporation which, would have been liable if death had not ensued shall be liable in an action for damages, notwithstanding the death of the person injured, which damages may be sued for

(1) By the spouse or children, natural or adopted, legitimate or illegitimate, or by the father or mother of the deceased, natural or adoptive;

(2) If there be no persons in class (1) entitled to bring the action, then by the brother or sister of the deceased, or their descendants, who can establish his or her right to those damages set out in section 537.090 because of the death;

(3) If there be no persons in class (1) or (2) entitled to bring the action, then by a plaintiff ad litem. Such plaintiff ad litem shall be appointed by the court having jurisdiction over the action for damages provided in this section upon application of some person entitled to share in the proceeds of such action. Such plaintiff ad litem shall be some suitable person competent to prosecute such action and whose appointment is requested on behalf of those persons entitled to share in the proceeds of such action. Such court may, in its discretion, require that such plaintiff ad litem give bond for the faithful performance of his duties;

Provided further that only one action may be brought under this section against any one defendant for the death of any one person."

Plaintiff contends that the change in § 537.080 is procedural and as her right to bring the action had not expired, the change applies to her claim.[1] Defendants

1. Plaintiff relies on *Wentz v. Price Candy Co.*, 352 Mo. 1, 175 S.W.2d 852 (1943); *Darrah v. Foster*, 355 S.W.2d 24 (Mo.1962); *Cytron v. St. Louis Transit Co.*, 205 Mo. 692, 104 S.W. 109 (banc 1907); *Frazee v. Partney*, 314 S.W.2d 915 (Mo.1958); *Uber v. Missouri Pacific Railroad Company*, 441 S.W.2d 682 (Mo.1969); and *Click v. Thuron Industries, Inc.*, 475 S.W.2d 715

claim that the rights of plaintiff and her husband's parents were fixed at the time of Douglas Robinson's death and that under § 1.170, RSMo 1978, the change in § 537.-080 cannot affect those rights. They contend that the provision in § 537.080, RSMo 1978, providing that plaintiff must bring her action within one year "is substantive and any change in it may not be applied retrospectively."

There are two recognized exceptions to the rule that a statute shall not be applied retroactively: (1) where the legislature shows an intent that it be retroactive, and (2) where the statute is procedural only and does not affect any substantive rights of the parties. *State ex rel. St. Louis-San Francisco Railway Company v. Buder*, 515 S.W.2d 409, 410 (Mo. banc 1974). The legislature was silent here. "A statute dealing only with procedure or the remedy applies to all actions falling within its terms whether commenced before or after the enactment unless a contrary intention is expressed." *Darrah v. Foster*, 355 S.W.2d 24, 29 (Mo.1962).

Procedural law is a method provided by law which prescribes a method of enforcing rights or obtaining redress for their invasion; substantive law is that part of the law which creates, defines and regulates rights; the distinction between substantive law and procedural law is that substantive law relates to the rights and duties giving rise to the cause of action, while procedural

law is the machinery used for carrying on the suit. *Shepherd v. Consumers Cooperative Association*, 384 S.W.2d 635, 640 (Mo. banc 1964); *Barker v. St. Louis County*, 340 Mo. 986, 104 S.W.2d 371, 377–378 (1937). See also *Roth v. Roth*, 571 S.W.2d 659, 672 (Mo.App.1978).

We have examined the various cases cited by defendants [2] and other cases which indicate that all parts of the Missouri Wrongful Death Act are substantive, including the sections providing the times within which the action must be brought. If all parts of the act were considered as substantive in determining the retroactivity of a change in the act, then no change would be retroactive. That must not be so, as in *State ex rel. St. Louis-San Francisco Railway Company v. Buder*, supra, the supreme court, in determining if the removal of the monetary ceiling in wrongful death cases applied to deaths occurring before the effective date of the change, considered whether the change was procedural or substantive. If all provisions of the wrongful death action were considered substantive and that controlled the question, it would have been a simple matter for the supreme court to have so stated. We read that case as stating that any amendments to the Wrongful Death Act should be considered individually to determine their retroactivity. The court said, 515 S.W.2d at 411:

"It is best to keep in mind that the underlying repugnance to the retrospec-

(Tex.1972). The one year provision previously contained in § 537.080 was not a statute of limitation which barred the cause of action but a provision that set forth the time in which the cause of action might be "appropriated" by the spouse or minor children. See *State ex rel. Kansas City Stock Yards Company of Maine v. Clark*, supra, 536 S.W.2d at 145. For a discussion of the applicability to causes of action not already barred, of a statute enlarging the limitation period, see Annot., 79 A.L.R.2d 1080 (1961).

2. Among the cases cited by defendants to support the contention that the change here affected substantive rights are *State ex rel. Kansas City Stock Yards Company of Maine v. Clark*, 536 S.W.2d 142 (Mo. banc 1976); *Clarke v. Organ*, 329 S.W.2d 670 (Mo. banc 1959); *Frazee v. Partney*, 314 S.W.2d 915 (Mo.1958);

*Baysinger v. Hanser*, 355 Mo. 1042, 199 S.W.2d 644 (1947); *State ex rel. Jewish Hospital v. Buder*, 540 S.W.2d 100 (Mo.App.1976); *Crenshaw v. Great Central Insurance Company*, 527 S.W.2d 1 (Mo.App.1975); *State ex rel. Slibowski v. Kimberlin*, 504 S.W.2d 237 (Mo.App. 1973). *Frazee v. Partney*, supra, 314 S.W.2d at 918 noted an apparent inconsistency in some of the cases discussing whether the time limitation provided in the wrongful death statute "is a condition imposed upon the right itself, so that the very right ceases to exist after one year, or whether it is merely a statute of limitation." The supreme court there declined "to rescue that particular phase of the law from the morass into which it seems to have fallen;" and it would be presumptuous of us to attempt to do so.

tive application of laws is that an act or transaction, to which certain legal effects were ascribed at the time they transpired, should not, without cogent reasons, thereafter be subject to a different set of effects which alter the rights and liabilities of the parties thereto. Merely to label certain consequences as substantive and others as procedural does not give sufficient consideration to this principle, and notions of justice and fair play in a particular case are always germane."

■ We apply the reasoning of that decision to the case at hand, limiting our discussion and holding to the change in § 537.080. The cause of action for wrongful death is set forth in the opening clause of § 537.080, RSMo 1978, and § 537.080, RSMo Supp. 1979. Both provisions are substantially the same. Following those provisions are numbered paragraphs that set forth how that right is enforced. No rights were changed by the new section, just the time and manner of enforcing them. A spouse's right to bring the action was not changed but the spouse was no longer required to bring the action within one year if the deceased was survived by one or both parents. Plaintiff's right to bring the action had not expired when the change occurred, thus no existing rights of the parties were changed, only the time in which they must be enforced.

No notions of justice or fair play are violated if the new section is applied here as the change in § 537.080 does not increase the amount of defendants' exposure as the change under consideration in *State ex rel. St. Louis-San Francisco Railway Company v. Buder,* supra, might have. We believe that the change in § 537.080 related to the method of enforcing the right to bring an action for wrongful death, not the right itself, and only affected the "machinery" for bringing the action. We hold that the action was timely filed by the plaintiff and that the summary judgment was improperly entered.[3]

---

3. While this opinion was in circulation we received an opinion by the Western District of this court in *State ex rel. Research Medical Center v. Peters,* 631 S.W.2d 938 (1982).

The judgment is reversed and the cause remanded to the trial court for further proceedings.

MAUS, C. J., and HOGAN and BILLINGS, JJ., concur.

The same question presented here was before them and in a thorough and well-reasoned opinion they reached the same result.