**Betty J. BREMSON, et al.,
Plaintiffs-Appellants,**

v.

**Don Elvin MOORE, et al.,
Defendants-Respondents.**

**No. WD 33229.**

Missouri Court of Appeals,
Western District.

Dec. 21, 1982.

Motion for Rehearing and/or Transfer to Supreme Court Overruled and Denied Feb. 1, 1983.

Application to Transfer Denied
March 29, 1983.

864

H. Fred Northcraft, James E. Kelley, Jr., Neil D. Karbank, Smith, Gill, Fisher & Butts Incorporated, Kansas City, for plaintiffs-appellants.

Fred Wilkins, Stephen B. Millin, Jr., Heavner, Wilkins, Jarrett & Kimball, Kansas City, for defendants-respondents.

Before NUGENT, P.J., and TURNAGE and LOWENSTEIN, JJ.

TURNAGE, Judge.

Betty Bremson and her two children, David and Jennifer, brought suit against Don Moore and ITT Continental Baking Company for the death of their husband and father Robert Bremson, III. Mr. Bremson died August 18, 1979, and the suit was filed on September 25, 1980.

The trial court sustained a motion filed by Moore and ITT to dismiss this suit on the grounds that it was not timely filed under § 537.080, RSMo 1967. The Bremsons contend their suit was timely in light of an amendment to the wrongful death statute, which became effective on September 28, 1979. Reversed and remanded.

The Bremson's petition alleged that Robert Bremson, III was survived by his wife, his two children, and both of his parents. The petition also contained allegations of negligence on the part of Moore and ITT, and prayed for damages. The motion to dismiss claimed that because the petition was not filed within one year of the date of death, at the time it was filed the sole and exclusive right of action for damages was vested in Mr. Bremson's parents.

The motion to dismiss was based on the 1967 version of § 537.080, which provided that the cause of action for wrongful death vested in the parents of the deceased if the spouse or minor children failed to file suit within one year after the death. The 1979 version of § 537.080 does not specify time periods within which certain classes of relatives are allowed to file suit. The statute of limitations for wrongful death actions is contained in § 537.100. The 1967 version of that section provided that a wrongful death suit must be filed within two years after the cause of action accrued. Under the 1979 version of § 537.100, suits must be brought within three years after the cause of action accrued.

Moore and ITT contend that Mrs. Bremson and her children lost their right to bring suit when they failed to bring suit within one year from the date of death. Moore and ITT are aware that after the trial court sustained their motion to dismiss, this court decided *State ex rel. Research Medical Center v. Peters,* 631 S.W.2d 938 (Mo.App.1982), and the Southern District decided *Robinson v. Heath,* 633 S.W.2d 203 (Mo.App.1982). They concede that the facts in *Research Medical Center* and *Robinson* are identical to the facts here. In all three cases the date of death was before the effective date of the new statute, but the new statute became effective within one year of the death. In each case the deceased was survived by a spouse, children, and parents.

*Research Medical Center* and *Robinson* were decided almost simultaneously by this

court and the Southern District.[1] Both courts reached the conclusion that since the one year period contained in the former § 537.080 had not expired as of the effective date of the new version, the new § 537.080 extended the time within which the spouse and children had to bring suit for wrongful death from one year to the full three years allowed in the new § 537.-100.

Moore and ITT urge this court to re-examine the *Research Medical Center* and *Robinson* decisions. Their objection is that as a result of the rule established by these decisions, the amendment effective on September 28, 1979, significantly expands their liability by exposing them to suit by the spouse, children, and parents for a full period of three years. Under the old statutes, they were exposed to suit by the spouse and children for one year, at which time the cause of action vested in the parents for one year. The rationale of both *Research Medical Center* and *Robinson* was that prior to the expiration of the one year period in which the spouse and children had to file suit, the statute was procedural in nature, and was thus subject to being extended retroactively to three years. *Research Medical Center* stated that "[t]here was no impediment to the retroactive operation of new § 537.100 to extend the cause of action of the spouse, children and father [now the most favored class] to a life of three years." 631 S.W.2d at 948.

This court now reaffirms its holding in *Research Medical Center,* and adopts the reasoning expressed in *Robinson.* Since the new statute became effective within the one year that Bremson's spouse and children had in which to file suit, the new statute extended the time within which they could file suit to three years. That being the case, this suit was timely filed.

The judgment is reversed and this cause is remanded for further proceedings.

All concur.

1. *See* 633 S.W.2d 206, note 3.