Vincent F. IGOE, Claimant-Appellant,

v.

SLATON BLOCK COMPANY, Inc., and United States Fidelity & Guaranty Co., Defendants-Respondents.

No. 22815.

Kansas City Court of Appeals.

Missouri.

Oct. 5, 1959.

J. William Blackford, Blackford, Imes, Compton & Brown, Kansas City, for appellant.

John W. Mitchell, Mitchell & Meise, Kansas City, for respondent.

MAUGHMER, Commissioner.

Appellant's claim for Workmen's Compensation benefits was denied by the referee, by the Industrial Commission of Missouri and by the Circuit Court—hence this appeal. The basis of such denial is set forth in the award of the Commission and reads: "We find from all the evidence that the claim of Vincent Igoe, employee herein, was not filed within the time prescribed by the Missouri Workmen's Compensation Law (Sec. 287.430, RSMo 1949, V.A.M.S.); compensation therefor must be and the same is hereby denied."

It was admitted that respondent Slaton Block Company, Inc. on October 25, 1954, was an employer, operating under the provisions of the Workmen's Compensation Law and that its liability under said law was insured by respondent United States Fidelity & Guaranty Co. The evidence shows that on such date the ownership of Slaton Block Company stock was as follows:

Appellant and claimant Igoe—49 shares
Igoe's brother — 1 share
Jay D. Slaton —49 shares
John R. Slaton — 1 share

Jay D. Slaton was president and appellant Igoe was secretary-treasurer of this two-family corporation.

Based on both his filed claim and testimony, claimant was injured on October 25, 1954. He alleges that while he "* * * was finishing top of retaining wall, slipped, fell off top of wall, eight feet—fell on a 2 x 6 diagonal brace with back." The claim for benefits was first filed with the Commission on January 25, 1956, or some 15 months after the alleged injury.

Section 287.430, V.A.M.S. provides as follows: "No proceedings for compensation under this chapter shall be maintained unless a claim therefor be filed with the commission within one year after the injury or death, or in case payments have been made on account of the injury or death, within one year from the date of the last payment. * * *". Under this limitation statute the date of the accident

and the date of the injury are not always and necessarily the same. 100 C.J.S., Workmen's Compensation, § 436, p. 302. In Ford v. American Brake Shoe Co., Mo. App., 252 S.W.2d 649, 651, it is stated: "In fixing the time of injury within the contemplation of the statute, the rule is that the limitation period begins to run whenever it becomes reasonably discoverable and apparent that a compensable injury has been sustained, which, in the case of an occupational disease, is the time when the disease has produced a compensable disability. (Citing cases)." However, we are not here dealing with an occupational disease and the Commission found as a fact that the compensable disability was reasonably discoverable at the time of the injury. Moreover, appellant does not contend otherwise as to this point. For our purposes, therefore, it is quite apparent that the claim was not filed within one year after the alleged injury and is barred unless saved by the further statutory provision: " * * * or in case payments have been made on account of the injury or death, within one year from the date of the last payment." It is under this latter provision that claimant rests his whole case.

Section 287.140, subd. 1, V.A.M.S. contains the following: "In addition to all other compensation, the employee shall receive and the employer shall provide such medical, surgical and hospital treatment, including nursing, ambulance and medicines, as may reasonably be required for the first ninety days after the injury or disability, to cure and relieve from the effects of the injury, and thereafter such additional similar treatment as the commission by special order may determine to be necessary. If the employee desires, he shall have the right to select his own physician, surgeon, or other such requirement at his own expense."

Appellant asserts that the rendition of medical services at the instance of the employer or its insurer constitutes payment of compensation to the injured person within in the meaning of the statute. Appellant contends further that if either the employer or its insurer has rendered such medical services it not only constitutes payment of compensation, but also results in tolling the running of the statute of limitations. In Buecker v. Roberts, Mo.App., 260 S.W.2d 325, 327, it was squarely held that after 90 days the employer is only obliged to provide such additional treatment as the Commission may by special order determine to be necessary. But if after 90 days and without any Commission order, the employer, nonetheless supplies the employee with further medical aid not only does he waive the lack of such special order, but the aid he furnishes constitutes payment on account of the injury as regards the running of the period of limitations upon the filing of a claim for compensation. The holding by this court in McEneny v. S. S. Kresge Co., 53 S.W.2d 1075, 1077, approved by the Supreme Court in McEneny v. S. S. Kresge Co., 333 Mo. 817, 62 S.W.2d 1067, 1070, is that: "The bare rendition of such services at the instance of the employer or his insurer is in and of itself a payment on account of the injury so far as the injured person is concerned", and will toll or postpone the running of the limitation statute.

In Monical v. Armour and Company, Mo., 307 S.W.2d 389, 391, our Supreme Court said: "In reviewing this workmen's compensation case we have the duty of determining whether the Commission's award is supported by competent and substantial evidence upon the whole record. Const. Art. 5, § 22, V.A.M.S. This does not mean that we may substitute our own judgment on the evidence for that of the Commission. But we are authorized to decide whether the Commission could have reasonably made its findings and reached its result, upon a consideration of all of the evidence before it, and to set aside its decision if clearly contrary to the overwhelming weight of the evidence. (citing

cases)." See also Garner v. Research Clinic, Mo.App., 280 S.W.2d 416, 422.

The Commission found as a fact that the claim had not been filed in time. Our task, therefore, is to determine if such finding is supported by competent and substantial evidence upon the record as a whole. Const. of 1945, Art. 5, § 22, V.A.M.S.

■ Based upon the evidence before us, claimant consulted three physicians relative to this injury, namely, Dr. Matheny, Dr. Waterman, and Dr. Zuber. Appellant testified that Dr. R. W. Matheny, Osteopath, Chillicothe, Missouri, " * * * has been my doctor for a long time"; that he consulted him regarding the back injury, but could not fix a definite date. Dr. Matheny testified that he first examined claimant relative to the back injury on September 30, 1955, and the patient gave him the following history: "Patient states he fell over some blocks on a delivery truck, hit low back. Pain in his back at the time of the injury." Dr. Matheny said that his fee for the examination, which included x-rays, was $15, and that it was charged to appellant. He said that he was not expecting pay from anybody else; that it was strictly a charge to the claimant and that claimant had not even told him for whom he was working at the time of the injury. It should be noted that this medical examination was within the one year period following the date of the alleged injury. If such medical aid was furnished by the employer or the insurer it would have the effect of suspending operation of the limitation period and claimant would have "One year from the date of the last payment" to file his claim as specifically provided by the statute. The Commission quite clearly found that Dr. Matheny's services were rendered at the request of appellant, were to be paid for by appellant, and were not furnished at the instance of either the employer or the insurer. We believe that there was evidence, both substantial and

competent, to support such finding and we shall not disturb it.

■ Dr. F. Waterman, Liberty, Missouri, first examined claimant relative to the alleged injury on December 16, 1955. He had seen him on August 29, 1955, but that was to x-ray him for a foot injury. As a result of that December examination Dr. Waterman, who was a company physician, sent claimant to Dr. Harold V. Zuber, Kansas City, Missouri, for further examination and diagnosis. Dr. Zuber's first examination was on December 16, 1955. He recommended a ⅜ths inch shoe lift, and a belt. The patient gave a history of back injury in October, 1954. Dr. Zuber also examined Mr. Igoe in January, 1957. Respondents say these examinations by Dr. Waterman, a company physician, and by Dr. Zuber, who was admittedly paid by the employer and insurer, were not for treatment, but only for examinations and therefore do not constitute furnishing medical aid as contemplated by Section 287.140, subd. 1, V.A.M.S. The statute plainly requires the employer to " * * * provide such medical * * * treatment * * * as may reasonably be required." In our opinion this includes examination. Besides treatment (shoe lift and belt) was prescribed.

The questions presented on this appeal do not include whether or not plaintiff was injured or the extent of his injuries. It is not, therefore, necessary to set forth in detail the findings of the doctors. The only other physician who examined claimant was Dr. F. S. Feierabend, who examined him on December 7, 1956, pursuant to request from plaintiff's attorney.

■ Consideration of the evidence leads to the following definite conclusions: First, claim was not filed "within one year after the injury." Second, the only medical aid which claimant received within one year after the injury was from his private physician, Dr. Matheny, and with his fee to be paid by claimant. The stat-

ute specifically provides for and recognizes such private medical care. Third, medical aid was furnished by the employer, through Drs. Waterman and Zuber, but not until more than one year after the injury. Claimant says furnishing such medical aid is the payment of benefits and tolls the running of the statute. We agree but will this save and preserve the claim? To "toll" a statute of limitations means to stop its running. For stoppage of limitation running to be effective, the tolling must begin operation before the period has expired. After expiration and when the bar has become effective, it requires revival and resurrection to reinstate the action.

In 100 C.J.S. Workmen's Compensation, § 436, Limitations—General principles, p. 298, it is stated: "The compensation acts usually provide the period within which proceedings for compensation shall be brought, and a failure to institute the proceedings within the required time bars the claim for compensation."

In Wentz v. Price Candy Co., 352 Mo. 1, 175 S.W.2d 852, 853, plaintiff's injury occurred when a six months statute of limitations was in effect. Before the six months had expired the limitation statute was changed to one year. Her claim was filed more than six months, but less than one year after the injury and was ruled timely, but the court stated it would not have been timely if the six months had passed prior to the extension amendment. We quote the exact language of the court: "A statute which affects only the remedy may properly apply to a cause of action which has already accrued and *is existing* at the time the statute is enacted. Ordinary statutes of limitation are held to affect the remedy only. The principle is well settled that the period of limitation prescribed by such statutes may be enlarged and become applicable *to existing causes of action,* but an enlargement of the period of limitation may not revive a cause of action which has been barred under the limitation as it previously ex-

isted. Annotation, 46 A.L.R. 1101." (Italics added.)

Stripped to the essential parts applicable to our case the statute reads: "No proceedings shall be maintained unless a claim be filed within one year after the injury or in case payments have been made on account of the injury, within one year from the date of the last payment."

In commenting on this and similar statutes, Larson's Workmen's Compensation Law, Vol. 2, p. 270 says: "The general idea is, of course, that an employee who has been receiving compensation for eleven months can not reasonably be expected to have made claim during that period, and should not, upon cessation of voluntary payments at the end of the eleventh month, be allowed only one month in which to file his claim." And the same authority continues on page 271 as follows: "The objective of the statute being to protect the claimant who reasonably refrains from making claim because of the receipt of benefits voluntarily supplied, no claimant can allege that his failure to make timely application was excused by something that happened after the claim was already barred."

The main impelling reason for statutory limitation of actions is set forth in 53 C.J.S. Limitations of Actions § 1, p. 902: "Statutes of this character have sometimes been said to be founded in part at least on the general experience of mankind that claims which are valid are not usually allowed to remain neglected, and that the lapse of years without any attempt to enforce a demand creates a presumption against its original validity or that it has ceased to exist, the negligence or laches of plaintiff being also advanced as an additional ground by some of the authorities."

 In construing any statute courts will give it a reasonable, rather than an unreasonable interpretation. It is reasonable, we think, to conclude the legislature intended to give a claimant one year after his injury and after he knew, or should

have known, it was a compensable injury, to start legal proceedings to enforce his claim. We believe it was further intended that if during this first year he received benefits, including medical aid furnished voluntarily by his employer or his insurer, who by such action thereby, in effect, recognized his legal entitlement, then, under such circumstances, he should still have the full year after termination of such benefits, caused either by refusal of the employer to continue them or by end of the need for medical aid, to enforce his rights before the Commission and the courts. It would be unreasonable, we think, to conclude the legislature intended that if a claimant neither filed a claim, nor received benefits within one year and yet one month or five years later visited a company doctor for examination, and treatment in the form of a belt and built-up shoe was prescribed, his cause of action was thereby revived and he had one full year additional thereafter to file his claim. Such a result would defeat the underlying object of this limitation legislation. Instead of tending to eliminate, it would tend to encourage, the litigation of stale claims. Instead of promoting the friendly, helpful and freely given medical examination and aid by the employer through the company doctors, it would rather make them afraid to even examine an employee lest thereby they revive a claim based on an injury which occurred years earlier and expose themselves to liability for it. We shall not so interpret the statute.

There is abundant, competent and substantial evidence to support the award of the Commission and the judgment of the Circuit Court. We believe that both correctly apply the law to the facts in this case. The judgment is affirmed.

SPERRY, C., concurs.

PER CURIAM.

The foregoing opinion of MAUGHMER, C., is adopted as the opinion of the Court.

All concur.

On Motion for Rehearing or in the
Alternative to Transfer to
the Supreme Court.

PER CURIAM.

Appellant suggests that we have held first, the Workmen's Compensation Limitation provision is one extinguishing the right, rather than being a statute of repose, or a pure statute of limitations, and that thereby our decision is in conflict with the holding of the Supreme Court in Wentz v. Price Candy Co., 352 Mo. 1, 175 S.W.2d 852, and, second, that our opinion is in direct conflict with the holdings of the St. Louis Court of Appeals in Mussler v. American Car & Foundry Co., 149 S.W.2d 429, and Parker v. St. Louis Car Co., Mo. App., 145 S.W.2d 482.

The Workmen's Compensation Act, the Wrongful Death Statute and others, create new and different causes of action not known to the common law. The limitation in the Workmen's Compensation Act is phrased this way: "No proceedings for compensation under this chapter shall be maintained * * *", V.A.M.S. § 287.430, while the Wrongful Death Statute says it this way: "Every action * * * shall be commenced * * *". V.A.M.S. § 537.100. Section 516.300, V.A.M.S., a section of the chapter on Statutes of Limitations, provides: "The provisions of sections 516.010 to 516.370 shall not extend to any action which is or shall be otherwise limited by any statute; but such action shall be brought within the time limited by such statute".

We think the majority rule is that such statutes are generally held to be a condition imposed upon the right itself, rather than a mere Statute of Limitations. The Missouri Supreme Court has held both ways on this question, at least by dicta. The matter was recently discussed and three leading cases, namely, Cytron, Wentz and Baysinger were analyzed in Frazee v

Partney, 314 S.W.2d 915, 918, as follows: "Our death act creates a new and different cause of action not known to the common law. Cummins v. Kansas City Public Service Co., Banc, 334 Mo. 672, 66 S.W.2d 920. There has been considerable discussion in our cases as to whether the one-year limitation therein is a condition imposed upon the right itself, so that the very right ceases to exist after one year, or whether it is merely a statute of limitation. For the former view see: Barker v. Hannibal & St. Joseph R. Co., 91 Mo. 86, 14 S.W. 280; Baysinger v. Hanser, 355 Mo. 1042, 199 S.W.2d 644; Packard v. Hannibal & St. Joseph R. Co., 181 Mo. 421, 80 S.W. 951; Chandler v. Chicago & A. R. Co., 251 Mo. 592, 158 S.W. 35, and see, generally, for this view 25 C.J.S. Death § 53b, pp. 1158–1159. The contrary view appears to have been taken in Cytron v. St. Louis Transit Co., Banc, 205 Mo. 692, 104 S.W. 109, and in Wentz v. Price Candy Co., 352 Mo. 1, 175 S.W.2d 852. In the Cytron case the question actually involved was whether (after one year) the court should have permitted the filing of an amended petition which sought to add the mother as a plaintiff in a suit instituted by the father alone, for the death of a minor; it was held that the proposed amendment did not change the cause of action and that such was permissible even after the limitation had expired. In the Wentz case the court was primarily concerned only with the limitation section of the Workmen's Compensation Act (now, in substance, § 287.430), considerably different in wording and meaning from that of the death statute. (On this see the discussion in State ex rel. Bier v. Bigger, [352 Mo. 502, 178 S.W.2d 347] quoted hereinafter.) However, the court discussed the death act by way of analogy, and its statements appear to be broad enough to constitute, by decision or dicta, a determination that the limitations of both acts are merely limitations upon the remedy, or statutes of 'limitation and repose.' The sole question involved there was whether an amendment extending the period for filing claims from six months to one year was applicable to an accrued claim, and such was held proper in the case of a pure statute of limitation, affecting the remedy only. The Baysinger case, supra, 199 S.W.2d 644, took the contrary view without discussing the Wentz case, and, so far as we have found, it is the last direct word of this court on the subject. We have determined that in this case we need not attempt to rescue that particular phase of the law from the morass into which it seems to have fallen; perhaps, for practical purposes, the distinction is more academic than real." The opinion then proceeds to apply the statute.

We believe that it is unnecessary in our case to squarely determine whether the Workmen's Compensation Limitation Statute is one which extinguishes the right or is one of repose, that is, a true statute of limitations. Under either interpretation we think the claim was not timely filed.

■ With respect to the second point our facts are different from those in the two St. Louis Court of Appeals cases which appellant claims are in conflict with ours. In each of those cases the claimant received medical attention before expiration of the limitation time period, whereas, in our case he neither filed a claim nor received any medical attention until after the limitation period of one year had expired. Stated differently, in the St. Louis cases notice of the injury was timely given and such fact was recognized within the limitation period by the employer through the furnishing of medical aid, whereas in our case there was no notice, no claim and no receipt of medical attention until after expiration of the one year period of limitation. We are of the opinion that the holdings in the St. Louis cases are not necessarily controlling with respect to our facts which are different.

The Motion for Rehearing or in the Alternative for Transfer to the Supreme Court is, therefore, overruled.