Edgar L. WELBORN, Jr., Employee, Plaintiff-Appellant,

v.

SOUTHERN EQUIPMENT COMPANY, a Corporation, Employer, and Aetna Casualty & Surety Company, a Corporation, Insurer, Defendants-Respondents.

No. 31579.

St. Louis Court of Appeals.

Missouri.

Dec. 15, 1964.

Rehearing Denied Jan. 26, 1965.

Schuchat, Cook & Werner, James K. Cook, St. Louis, for plaintiff-appellant.

Luke, Cunliff, Wilson, Herr & Chavaux, C. F. Luke, Robert R. Schwarz, St. Louis, for defendants-respondents.

BRADY, Commissioner.

In this Workmen's Compensation action the appellant seeks medical aid and compensation for temporary total disability and for permanent partial disability in an amount which, independent of all contingencies, does not exceed the monetary jurisdictional limit of this court. The referee, the Industrial Commission, and the circuit court of the City of St. Louis have each denied compensation to the claimant. The appellant, the respondent, and the Industrial Commission will hereinafter be respectively referred to as the claimant, the employer, and the commission.

The claimant alleged that he sustained an accidental injury on July 20, 1960, when he and another employee were lifting a cafeteria counter from a four-wheel dolly to the ground. The counter weighed between 200 to 400 pounds, and when the other employee suddenly let go of his end, the claimant, still holding on to his end of the counter, was pulled sharply to one side and his back was jerked. At that time he experienced a sharp pain in his back which lasted just for an instant. The claimant was asked whether he reported the accident and if so, what he said. His testimony was that on the last Friday of July, 1960, some days after the accident, he asked his foreman if he couldn't get off to go to the doctor and the foreman said that he could not, whereupon the claimant said, "O-kay." The claimant did not ask to be sent to a doctor or to go to the company doctor. There is no evidence that the claimant told the foreman why he wanted to go to a doctor nor that he informed the foreman of the occurrence of the accident. After this experience the claimant had a pain in his back whenever he bent over to lift anything. On August 1, 1960, he sought medical aid for his back trouble from his personal physi-

cian, a Dr. Gibson of Potosi, Missouri. He continued to see Dr. Gibson about every two months and then in March of 1961 he went to another physician in Potosi for the same complaint. The claimant went to both of these doctors on his own initiative and he alone paid for their services.

On August 23, 1961, more than a year after the accident, the claimant was told by the employer that he was fired, whereupon he informed the employer that he had trouble with his back. The employer sent him to a Dr. Reineck, the employer's physician.

The referee denied compensation on the ground that the claim was not timely filed. The commission sustained the referee's denial of compensation and in so doing made the following findings: that the accident occurred " * * * on or about July 20, 1960 * * *"; that on August 1, 1960, it became reasonably discoverable and apparent to the claimant that he had sustained a compensable injury; that the employer and insurer paid no compensation and furnished no medical treatment on account of that injury for the year ending August 1, 1961, but did send the claimant to a doctor for treatment on August 23, 1961; that " * * * [t]his did not revive the claim. The action to toll the running of the statute must take place before the period has expired * * *"; that the filing of the claim on September 15, 1961, was not timely; and that the claim was barred by the provisions of Section 287.430, RSMo 1959, V.A.M.S.

The claimant raises two allegations of error. First, he contends the commission prejudicially erred in holding that the date upon which he sustained the compensable accident was August 1, 1960. The second allegation of prejudicial error is that the commission should not have held the claim to be untimely filed. Our duty upon review of this case is to determine whether the commission could have reasonably made its findings and reached its result

upon a consideration of all the evidence before it. We are not to substitute our own judgment of the evidence for that of the commission and are to set aside the commission's decision only if it is clearly contrary to the overwhelming weight of the evidence. Riggs v. A. P. Green Fire Brick Co., Mo.App., 376 S.W.2d 635. However, a far different duty is placed upon us when we are presented with a decision of the commission which is clearly the interpretation or application of the law. Decisions of the commission falling in this area are in no way binding upon us. Mo.Digest, Workmen's Compensation, A finding of ultimate facts reached by the application of rules of law rather than by a process of reasoning from the facts is a conclusion of law and we are not bound by any conclusion of law made by the commission. Williams v. Anderson Air Activities, Mo.App., 319 S.W.2d 61.

██ In support of his contention that the commission should have placed the date upon which the claimant sustained a compensable accident later than August 1, 1960, he relies upon Hundley v. Matthews Hinsman Co., Mo.App., 368 S.W.2d 528 and Crites v. Missouri Dry Dock & Repair Co., Mo.App., 348 S.W.2d 621. It is unnecessary to discuss either of these two cases. The Hundley case was certified by the Kansas City Court of Appeals to the Supreme Court of this state and that opinion is reported in 379 S.W.2d page 489. Therein (1. c. page 495) it was held that " * * * the fixing of the date when the existence of a compensable injury is reasonably discoverable is, in large part at least, a question of fact. * * * " That being so, the Supreme Court went on to state that since it found that the commission's finding as to that date supported by substantial and competent evidence, the court should not substitute its judgment for that of the commission. In the case of Dees v. Mississippi River Fuel Corp., Mo. App., 192 S.W.2d 635, it was held that a compensable injury is reasonably dis-

covered either when the employee is disabled as a result of the accident, an event which did not occur in the instant case, or when the claimant is in need of medical or surgical treatment for the injury, an event that in the instant case took place on August 1, 1960. It was also held in the Dees case that when either of the conditions exist, that is, either when the claimant is disabled as a result of the accident or when he is in need of medical treatment, the right to compensation exists and the limitation begins. In the instant case there is no dispute but that the claimant found himself in need of medical or surgical treatment for the injury on August 1, 1960. Accordingly, the finding of fact made by the commission affixing the date that the claimant sustained the compensable injury as of August 1, 1960, is supported by substantial and competent evidence and must be affirmed. Hundley v. Matthews Hinsman Co., 379 S.W.2d 489.

██ The claimant's contention that the commission erred in holding his claim untimely filed is essentially a matter of statutory construction. It is a conclusion of law upon which we are not bound by the decision of the commission. Williams v. Anderson Air Activities, supra. Section 287.-430, supra, provides: "No proceedings for compensation under this chapter shall be maintained unless a claim therefor be filed with the commission within one year after the injury or death, *or in case* payments have been made on account of the injury or death, within one year from the date of the last payment. * * * " (Emphasis supplied.) In its application to the instant case, Section 287.140(1), RSMo 1959, V.A. M.S., provides that for the first ninety days the employer is under an absolute duty to furnish medical aid. After the expiration of that ninety-day period the employer is only obligated to provide such additional similar treatment as the commission by special order may determine to be necessary. The rules for construing these statutes are too well known to require citation.

We are to ascertain the legislative intent from the words used, if possible, and to award to the language of the statute its plain and natural meaning having in mind the object of the statute. Unless a statute is incongruous or unintelligible we are not to insert words into it and neither are we authorized to delete words for we cannot presume the legislature intended to use superfluous or meaningless words in a statute. To the contrary, we are adjured to give every word, phrase, and sentence of the statute some meaning unless to do so conflicts with the purpose for which the legislature enacted the statute. All the provisions of a comprehensive code such as the Workmen's Compensation Act of this state are to be construed together.

Igoe v. Slaton Block Co., Mo.App., 329 S.W.2d 39, is on all fours as to all essential points with the instant case. In the Igoe case and in the instant case the employee went to a doctor of his own selection and at his own cost after the occurrence of the accident. In each case the only medical aid the employer gave was not furnished until more than one year after the injury. In each case the claimant did not file his claim until more than one year next following the date of the accident. It has been consistently held that the action of an employer in furnishing medical aid to an injured employee constitutes a payment on account of the injury. McEneny v. S. S. Kresge Co., Mo.App., 53 S.W.2d 1075 [aff. .333 Mo. 817, 62 S.W.2d 1067].

In its per curiam opinion dealing with matters raised by the claimant's motion for rehearing the court in Igoe made reference to Mussler v. American Car & Foundry Co., Mo.App., 149 S.W.2d 429, and Parker v. St. Louis Car Co., Mo.App., 145 S.W.2d 482, both being decisions of this court. While the pertinent dates are not set out in Igoe, reference to the opinions in Mussler and Parker shows them to have been ruled upon the following state of facts. In the Mussler case the accident occurred on February 27, 1937. Medical attention was immediately furnished by the employer and the court found that such medical attention was continued to be furnished until October 22, 1938. The claim was filed on December 30, 1938. In the Parker case the accident occurred on June 11, 1937 and medical attention was immediately furnished the claimant by the employer. The court found that the employer last furnished medical attention to the claimant on February 4, 1939. The claim was filed on February 28, 1939. As is obvious from this brief statement of facts the claim in each of these cases was filed more than one year next following the date of injury but within the six-month period of limitation then in force for payments made on account of the injury. See also Buecker v. Roberts, Mo.App., 260 S.W.2d 325; Morrow v. Orscheln Bros. Truck Lines, 235 Mo.App. 1166, 151 S.W.2d 138; and Blahut v. Liberty Creamery Co., Mo.App., 145 S.W.2d 506. The grounds upon which the court in Igoe distinguished Mussler and Parker were that (329 S.W.2d 39, 1. c. 45) " * * * In each of those cases the claimant received medical attention before expiration of the limitation time period, whereas, in our case he neither filed a claim nor received any medical attention until after the limitation period of one year had expired. * * * " The court also refused to rule upon whether § 287.430, supra, extinguishes the right in the claimant or, on the other hand, is a statute of repose operating only on the remedy. In this connection the court specifically held that under either view the claim was untimely filed. Igoe therefore holds that even though a claim be filed within one year following the last date of a payment made on account of the injury that claim is untimely filed unless there have been payments made on account of the injury or a claim filed within one year following the date of the injury. In so ruling the court in Igoe refused to interpret the provisions of § 287.430, supra, so " * * * that if a claimant neither filed a claim, nor received benefits within one year and yet one month

or five years later visited a company doctor for examination, and treatment * * * his cause of action was thereby revived and he had one full year additional thereafter to file his claim. * * *" The court stated, " * * * Such a result would defeat the underlying object of this limitation legislation. Instead of tending to eliminate, it would tend to encourage, the litigation of stale claims. Instead of promoting the friendly, helpful and freely given medical examination and aid by the employer through the company doctors, it would rather make them afraid to even examine an employee lest thereby they revive a claim based on an injury which occurred years earlier and expose themselves to liability for it. * * *"

■ We cannot agree with the decision reached by the Kansas City Court of Appeals in Igoe. To our mind the rules of statutory construction set out earlier herein compel the contrary result. § 287.430, supra, is plainly worded, unambiguous, and unequivocal. That section sets out two tests which are to be applied to determine whether the proceeding for compensation is timely filed. We are first commanded by the language of the section to ascertain if the claim was filed within one year following the date of injury. Then using the words "or in case" to clearly indicate the legislative intention that the language following those words was to be considered separate and apart from the language that preceded their use, the legislature set forth the second test to determine whether or not a claim is timely filed. This it did by informing us that a claim may be considered timely if it was filed within one year following the date of the last payment made on account of the injury. It is to be noted that the language preceding the words "or in case" contains no reference, by wording or by implication, to payments made on account of the injury or death, the matter covered by the language following the use of the separating phrase. The language preceding that separating clause deals solely with the period of one year following injury. It is likewise to be noted that the language following the separating phrase makes no reference, by word or by implication, to the matter referred to in the language preceding the separating phrase. We cannot hold that the legislature inadvertently used the phrase "or in case." Neither are we allowed to disregard it nor can it reasonably be given any meaning other than that which indicates a clear intention to separate the tests for timeliness contained in the section. Accordingly, we think the Igoe case in error when it makes any connection between the receipt of medical attention (or any other form of payment made on account of the injury or death) and the limitation period of one year following the injury or death. In our opinion we would be indulging in judicial legislation if in the face of such a clear expression of legislative intent we were to hold that the period of limitation running for one year from the date of the last payment made on account of the injury is inapplicable and cannot render a claim filed within that period timely unless there has been a payment made on account of the injury within the period of one year following the date of the injury.

■ However, we do not rest our decision upon the rules of statutory construction alone even though we believe that foundation more than adequate to support the burden. Even in the event § 287.430, supra, is not held subject to the construction which we believe is required by a decent regard for the intent of the legislature as it appears from the clear wording of the statute, the very issue which the court in Igoe refused to determine leads inevitably and inexorably to the same result. That issue is whether the limitation provision stated in § 287.430, supra, operates to extinguish the right of the claimant to bring a Workmen's Compensation proceeding or whether the limitation provision stated in that section is a true statute of limitation and repose operating merely

upon the remedy. The court in Igoe held that such a determination made no difference. In reaching that conclusion the court in Igoe quoted at length from Frazee v. Partney, Mo.App., 314 S.W.2d 915, l. c. 918. Therein the court discussed previous decisions dealing with the statute of limitations as to death actions with particular emphasis upon Wentz v. Price Candy Co., 352 Mo. 1, 175 S.W.2d 852 (transf. 168 S.W.2d 462) and Baysinger v. Hanser, 355 Mo. 1042, 199 S.W.2d 644. A careful reading of Frazee and of Baysinger will disclose that those cases involved the question of whether the statute of limitation as to death actions operated to extinguish the right or as a statute of repose affecting only the remedy. On the other hand the court in Wentz discussed the death act limitation only by analogy having before it the specific question of whether the change in the statute of limitations in the Workmen's Compensation Act, now § 287.430, supra, from six months to one year was applicable to an accrued claim. Wentz held that the statute was one of repose affecting the remedy only and on that specific basis held the one year period applicable to the accrued claim. The difference between the more narrow construction given a general statute of limitation governing, among other things, death actions, and a special statute of limitation such as § 287.430, supra, is emphasized in State ex rel. Bier v. Bigger, 352 Mo. 502, 178 S.W.2d 347, quoted with approval in Frazee. Wentz clearly holds that the statute of limitation in the Workmen's Compensation Act is a statute of repose affecting the remedy only and expressly overruled a long line of cases holding otherwise. The rationale for such ruling was supplied by the wording of the statute itself the court stating (175 S.W.2d l. c. 855): "* * * Nowhere does the statute say the right of recovery shall be deemed extinguished if no claim is filed within the period. Nowhere does it pronounce such right a nullity under such circumstances. Indeed, the statute does not even mention the right. Only the procedure to enforce the right is referred to — 'No proceedings for compensation * * * shall be maintained' etc. The time limit is made to operate expressly on the remedy. A remedy has been defined to be the means by which a right is enforced or an injury redressed. The remedy is referred to as the 'proceedings' for compensation. The operation of the limitation upon the remedy indicates the statute is a mere statute of limitation or repose. * * *"

■ Contrary to the court in Igoe we think the fact this section is one of repose is a matter of real significance in the instant case due to the actions of the employer in providing medical attention. Of course, that action could not be considered had § 287.430, supra, operated to extinguish the right in the claimant. In that event, once the period of limitation has passed the matter would be at end regardless of what action might thereafter be taken by either party. However, as stated, this section is one of repose operating on the remedy. It follows that the claimant labors under a disability during which he is prevented from filing a proceeding for compensation. By analogy the situation as to § 287.430, supra, then becomes the same as that confronting the courts when construing § 287.140(1), supra. That section provides a ninety-day period during which the employer is required to furnish medical treatment and also provides that after that period the employer is only required to furnish "* * * such additional similar treatment as the commission by special order may determine to be necessary. * * *" It has uniformly been held in this state that by his action in furnishing medical attention after expiration of the ninety-day period an employer may waive the requirement of a special order. Blahut v. Liberty Creamery Co., supra; Morrow v. Orscheln Bros. Truck Lines, supra. We can see no reason why waiver should be allowed when considering § 287.140(1), supra, and unrecognized when consider-

ing § 287.430, supra. In essence both sections of the Workmen's Compensation Act were enacted for the employer's benefit and protection. If he can waive that protection and benefit as to one, why can he not do so as to the other?

■ Moreover, recognition that the employer can waive his right to insist upon the claimant's disability is in keeping with the nature of the Workmen's Compensation Act which is contractual. Mo. Digest, Workmen's Compensation, ■

■ There is no factual question here presented as it is undisputed that the claim was filed within one year after the date the employer sent the claimant to a doctor for treatment. The issue is whether by that action which took place more than a year after the accident and considering the fact that no similar action occurred during the year next following the date of injury, the employer is to be held to have made a payment on account of the injury which, under the provisions of § 287.-430, supra, would authorize the filing of this claim more than one year after the date upon which the employee is held to have discovered he had suffered a compensable injury but within one year of the date the employer sent the claimant to the doctor. We have determined that the action of the employer on August 23, 1961, constitutes a payment made on account of the injury to the claimant which renders his claim filed on September 15, 1961, timely filed.

With respect to the fears voiced by the court in Igoe that a result such as we reach herein would mean that employers would be compelled to refuse to render medical assistance or other charitable aid after the expiration of one year following the injury when confronted with the possibility that by so doing they may have to pay compensation, we can but repeat what this court said in Parker v. St. Louis Car Co.,

supra, at page 485 (145 S.W.2d 482):
" * * * The answer to that argument, of course, is that what the law gives to the claimant as a right cannot properly be called a charitable gift by the employer. However, regardless of the outcome of such a prophecy, it is our clear duty to apply the law as the Legislature has written it * * *."

That portion of the judgment of the circuit court affirming the decision of the Workmen's Compensation Commission in finding the claimant sustained a compensable injury on August 1, 1960, should be affirmed. That portion of the decision holding the claim was not timely filed should be reversed and the cause remanded to the commission for further proceedings in accordance with this opinion. Due to the conflict between the decision of this court as rendered herein and the decision of the Kansas City Court of Appeals in the case of Igoe v. Slaton Block Co., supra, this cause should be transferred to the Supreme Court. The Commissioner so recommends.

PER CURIAM.

The foregoing opinion of BRADY, C., is adopted as the opinion of this court. The judgment is affirmed as to the finding that the claimant sustained a compensable injury on August 1, 1960, and reversed as to the finding that the claim was not timely filed. It appearing to the court that there is a conflict between the decision rendered herein and the decision of the Kansas City Court of Appeals in the case of Igoe v. Slaton Block Co., supra, this cause is transferred to the Supreme Court

WOLFE, Acting P. J., ANDERSON, J., and L. F. COTTEY, Special Judge, concur.

RUDDY, P. J., not participating.

## ON MOTION FOR REHEARING

BRADY, Commissioner.

The employer contends the commission properly denied compensation to the claimant for the reason that the claim was "barred" by the employee's failure to give notice of the accident as provided by Section 287.420, RSMo 1959, V.A.M.S. The employer complains that the opinion filed in this case does not dispose of this issue which was raised in its brief. In dealing with the motion for rehearing it is important to keep in mind the distinction between giving notice of the accident and filing a claim for an injury. The time for filing a claim for an injury is controlled by Section 287.430, RSMo 1959, V.A.M.S., and it is with that matter that we were dealing in the original opinion. The time for giving notice of the accident is controlled by § 287.420, supra, and it is with that section we are concerned upon this motion for rehearing. See Brown v. Douglas Candy Co., Mo.App., 277 S.W.2d 657, 1. c. [11], p. 665.

In those parts pertinent to this appeal § 287.420, supra, provides that no proceeding for compensation shall be maintained unless written notice of the injury shall have been given to the employer " * * * not later than thirty days after the accident, unless the commission shall find that there was good cause for failure to give such notice, or that the employer was not prejudiced by failure to receive such notice. * * "

Prior to ruling upon this matter it should be understood that we do so upon the assumption, arguendo, that the issue of notice of the accident is properly before us. The issue of notice of the accident was specifically raised by the employer in its answer. The referee made inquiry as to certain matters prior to the hearing before him and specifically asked whether or not the employer admitted that he had notice whereupon the employer's counsel stated that it denied such notice. The referee then stated the issues which his inquiries indicated were to be tried and included among them " * * * a dispute as to whether the employee gave the employer proper legal notice * * *" of the accident. The record shows that the parties really joined issue upon the question of whether the claim was barred by the provisions of § 287.430, supra. However, as will be set forth later herein the claimant did testify as to giving the employer actual notice of the accident. The employer did not offer any proof that would go to this issue. Moreover, as will later appear herein, the employer did not even cross-examine the claimant upon this issue except as to whether the claimant had given the company office actual notice, and this line of inquiry was confined to one question. The issue of actual notice of the accident was not the issue tried before the referee and neither was it an issue ever ruled by the commission or the circuit court. Under similar facts showing abandonment of that issue by the employer it was held to have been waived and unavailable to be raised for the first time in appellate court. See Wall v. Lemons, Inc., 227 Mo.App. 246, 51 S.W.2d 194, 1. c. [6], p. 199, and see also the discussion of this point in Newman v. Rice-Stix Dry Goods Co., 335 Mo. 572, 73 S.W.2d 264, 1. c. [3–5, 6], pp. 267–269, 94 A.L.R. 751. It is unnecessary for us to rule this point for, as we hold herein, even if we concede the employer is entitled to present the point to this court, he nevertheless cannot prevail.

The evidence that bears upon the issue of notice of the accident is that on direct examination the claimant testified in reply to two separate questions that he reported the accident to his foreman Schraft. His testimony was unequivocal that he told Schraft " * * * about the accident at Southern Equipment." However, he later gave the testimony upon which the employer relies to the effect that on the occasion of his reporting the accident the claimant asked Schraft if he couldn't get off to go to the doctor and was refused permission. The employer generally cross-examined as to

whether the medical attention secured by the employee was authorized by the company. The employer's counsel did ask the claimant whether or not it was true that August 23 of 1961 was " * * * the first time that you told anybody at the *office of the company* that you had any trouble or difficulty or injury of any kind?" (Emphasis supplied.) The employee replied that this was true. It further appears that Schraft was a foreman and not in the company office. On recross-examination the claimant again stated that he told Schraft that he " * * * got hurt turning a counter over there in location three" and that this occurred a day before he first went to see Dr. Gibson which would be within the time limitations stated in § 287.420, supra.

 Whether timely notice of the accident has been given is a question of fact. Schrabauer v. Schneider Engraving Product, 224 Mo.App. 304, 25 S.W.2d 529, 1. c. [11], p. 535. In the instant case it is a question of fact upon which the commission regrettably made no express finding. As to this practice we can but echo the comments made by this court in Schrabauer at the citation above noted. The employer's position on the motion for rehearing is essentially that the matter is properly for our ruling for the reason that the claimant failed to show that any kind of notice was given. We cannot agree. Claimant did fail to show and in fact tacitly admits that he failed to give timely written notice. However, while § 287.420, supra, calls for written notice, it has been repeatedly held that this form of notice is not an unconditional or absolute prerequisite to recovery. Newman v. Rice-Stix Dry Goods Co., supra. The question is whether the claimant also failed to show actual notice.

 The burden of showing notice is on the claimant in the first instance, but once he presents evidence the employer had actual knowledge of the accident, he makes a prima facie showing and the burden of coming forward with the evidence shifts to the employer who then must prove that in spite of such actual notice it has been prejudiced by the failure to give written notice as stated in § 287.420, supra. See Wheeler v. Missouri Pacific R. Co., Mo.App., 33 S.W.2d 179, transf. 328 Mo. 888, 42 S.W.2d 579, which reversed Schrabauer on other grounds. In the instant case the claimant made a prima facie showing based upon his positive statements that he reported the accident to his foreman. Contrary to the employer's contention this is not a case where the claimant's statement to the foreman about getting off to go to the doctor necessarily contradicts his two previous positive statements that he gave notice of the accident to his foreman with the result that there is no evidence at all upon the issue of actual notice. A careful reading of the transcript indicates the claimant reported the accident and also made the statement to his foreman upon which the employer relies. This is clearly indicated by the fact the claimant, upon recross-examination after the statement to Schraft upon which the employer relies, again testified that he did tell Schraft about the accident. Even if the claimant's testimony regarding his request of Schraft that he be allowed time off to go to the doctor can be said to have so destroyed his two previous unqualified statements that he reported the accident to Schraft, an interpretation of his testimony which we find unjustified, nevertheless this later testimony stands without challenge in the transcript. In this connection it should be noted that the employer did not call the foreman or anyone else or offer any evidence concerning the facts surrounding the reporting of the accident nor to show in what manner it was prejudiced by reason of the fact that it did not receive written notice of the accident. The employer's only evidence was medical in nature. From the failure of the employer to produce any such testimony an inference is authorized that such testimony would have been unfavorable to it on that issue. Beatty v. Chandeysson Electric Co., 238 Mo.App. 868, 190 S.W.2d 648, 1. c. 654.

Assuming arguendo that the employer has not waived the issue of notice of the accident, the claimant made a prima facie case of actual notice and the employer has failed to sustain its burden of going forward with evidence to show how it was prejudiced by the failure to give written notice. The motion for rehearing should be denied. The Commissioner so recommends.

PER CURIAM:

The foregoing opinion of BRADY, C., is adopted as the opinion of this court. The motion for rehearing is denied.

WOLFE, Acting P. J., ANDERSON, J., and L. F. COTTEY, Special Judge, concur.