The STATE OF MONTANA ex rel. HI-BALL CONTRAC-
TORS, INC., Relator, v. The DISTRICT COURT of the
STATE OF MONTANA, in and for the COUNTY OF FAL-
LON, and the HONORABLE ALFRED B. COATE, Presid-
ing Judge thereof, Respondents.

No. 11753.
Decided Oct. 31, 1969.
460 P.2d 751.

Hutton, Schiltz & Sheehy, Billings, John C. Sheehy (argued), Billings, Brent R. Cromley (argued), Billings, for relator.

Hughes & Bennett, Helena, Michael J. Hughes (argued), Helena, Gene Huntley, Baker, for respondents.

MR. CHIEF JUSTICE JAMES T. HARRISON delivered the Opinion of the Court.

This is an original proceeding wherein relator seeks an appropriate writ, alleging that respondent court has made an erroneous ruling, within jurisdiction, resulting in an injustice to relator with no adequate remedy by appeal.

Following ex parte hearing of counsel for relator we ordered respondent court to transmit the original court file in its cause No. 3967 to this Court and that counsel for relator and respondents appear before this Court on October 6, 1969 to argue for and against relator's application. On October 6, 1969 counsel for both parties were heard in oral argument.

The facts are not in dispute. Albert Vadner was injured in an accident on April 11, 1962 and as a result thereof was hospitalized from that date until August 1, 1962. Vadner commenced an action against relator to recover damages for his personal injuries on July 7, 1965, being some 3 months after the statute of limitations would normally expire. For the purpose of consideration of motions for summary judgment and for judgment on the pleadings it was assumed that Vadner was insane at the time of the injury and until August 1, 1962. The respondent court, after hearings upon the motions, made findings of fact and conclusions of law. The court concluded that the statute of limitations in this case was three years under section 93-2605(3), R.C.M. 1947, and that because the plaintiff was insane directly after the accident that section 93-2703, R.C.M.1947 applied. This statute provides in part as follows:

"If a person entitled to bring an action, mentioned in sections 93-2601 to 93-2609 or sections 93-2613 to 93-2618, be, at the time the cause of action accrued, either:

\* \* \* \* \* \*

"2. Insane; or, \* \* \*

"the time of such disability is not a part of the time limited in sections 93-2401 to 93-2720 for commencing the action; except that the time so limited cannot be extended more than five years by any such disability, except infancy; or, in any case, more than one year after the disability ceases."

Under this statute the court held that the statute of limitations was tolled from April 11, 1962 until August 1, 1962, and thus plaintiff's cause of action was not foreclosed on April 11, 1965 by the statute of limitations.

Relator here claims that this holding of the court was erroneous and therefore the denial of the motion for summary judgment was in error.

Relator contends that the above statute is limited in its applicability by that part reading "\* \* \* except that the time so limited cannot be extended more than five years by any such disability, except infancy; or, in any case, more than one year after the disability ceases." This section, relator contends, requires that the statute begin to run on a cause of action when it accrues and the only time the exception comes into play is when a person is suffering from a named disability for more than two years after the cause of action accrues. For example, if Vadner had been insane from April 11, 1962 until July 1, 1964, then, according to relator's interpretation of the statute, he would have had until July 2, 1965 to bring his cause of action. Relator cites the case of Langer v. Newmann, 100 Minn. 27, 110 N.W. 68 (Minn.1902), in support of this proposition. In that case the plaintiff was seeking to recover damages for injuries she allegedly received as a result of a conspiracy between the defendants in preferring a false charge of insanity against her in a probate court. The

cause of action of the plaintiff accrued on July 24, 1902, since on that date plaintiff was adjudged insane by the probate court. She was restored to capacity on April 6, 1903. A two year statute of limitations was involved as well as a statute similar to that of section 93-2703, R.C.M.1947, being in part as follows:

"Any of the following grounds of disability, existing at the time when a cause of action accrued, shall suspend the running of the period of limitation until the same is removed: Provided that such period, except in the case of infancy, shall not be extended for more than five years, nor in [any] case for more than one year after the disability ceases: That the plaintiff is within the age of twenty-one years. 2. His insanity." 10 N.W. 68.

The plaintiff brought her action on February 21, 1905 but because the action was not started within one year after her disability was removed nor within two years after the cause of action accrued, the Supreme Court of Minnesota held that the statute had run and that the disability statute did not suspend the limitation but merely extended the period of limitation for the causes and for the time and subject to the conditions named therein. We cannot agree with this interpretation of the statute.

In 34 Am.Jur., Limitations of Actions, § 201, it states that:

"The rule that the court will not read exceptions into the statute of limitations applies in the case of persons non compos mentis. Generally if there is no saving clause or exception in favor of incompetents, the statute will run against claims in their favor the same as against claims of others not expressly mentioned in the exceptions of the statute. However, the early English Act of 21 James I made an exception in the case of persons non compos mentis, and in this country the limitation statutes of the several states generally contain exceptions or saving clauses in favor of persons mentally incompetent at the time of the accrual of the cause of action. Some such statutes

prescribe the number of years during which an action may be maintained after the removal of the disability of insanity, while others give the plaintiff, after the removal of the disability, the statutory number of years in which to assert his claim."

Section 93-2703 is the latter type of statute with the exception clause added. The history of this section relates back to the California Code of Civil Procedure. That code does not contain the exception clause however. The statute apparently had its start in the United States in the New York Statute of 1788, amended in 1851 to include the exception clause. A note, appended to the 1850 proposed amended section of the New York Code dealing with exceptions in the statute of limitations on personal actions, made by the Commissioners on Practice and Pleadings in The Code of Civil Procedure of the State of New York, Albany: Weed, Parsons & Co., Public Printers, 1850, section 585, states: "Modified, so as to limit the time, according to the views expressed in the note to section 571." Section 571 provided for exceptions in the statute of limitations on actions for the recovery of real property and the exception clause provided as follows: "except that the disabilities cannot extend the period of limitation, so as to allow such action to be commenced, or entry or defence made, more than thirty years after the right accrued." The note on the amendment of section 571 reads as follows:

"The qualification at the end of this section is new. There seems no reason at the present day, for extending the limitation further than is here proposed. Actions can be brought by persons under disability, and the rights of persons in possession require that they should be brought or abandoned. It will be remembered, that the operation of this provision is prospective, and affects no rights already accrued."

In his Treatise, The Code Limitations of Actions, John F. Kelly, St. Paul: Frank P. Dufresne, 1903, Mr. Kelly, in dis-

cussing the disabilities statute and the exceptions, made this observation, at p. 173:

"The amendment that the period 'cannot be extended more than five years by any such disability except infancy, nor can it be so extended in any case longer than one year after the disability ceases' was not in accord with the principle which induced the exception in all the prior statutes, because a disability is an exception per se to any limitation during its continuance and the equity of the principle gives a reasonable time after the removal of the disability to sue or be sued.

"The statute 32 Hen. VIII, c. 2, gave six years after the removal of the disability, or after death during the disability, in real actions. The 21 James I. c. 16, gave ten years after the removal of the disability in formedon and entry, and in personal actions 'the same time after the removal of the disability' as others had 'who had no such impediment.' The New York statute of 1788 adopted the periods named after such removal, which was carried into the Revised Statutes.

"This provision so taken from the statute 21 James I. c. 16, as adopted by the New York statute of 1788 and as amended in 1851, which related exclusively to personal actions, was adopted by many of the code states and made applicable to real and personal actions, as in Minnesota, notwithstanding the distinction which prevailed under all the prior statutes that in real actions ten years or half the time was given after the removal of the disability, and in personal actions the full time after the disability ceased, because the limitations varied; hence, where the constitutions of the states adopted the principles of the common-law and equity jurisprudence which exclude the time of the disability, *it was not competent to abridge the reasonable time after the removal of such disability as adopted by those principles.*" (Emphasis supplied.)

As can be seen from the foregoing authorities the purpose of the exception clause was not to limit the statute of limita-

tions as provided but to provide a reasonable time after the removal of the disability to bring their cause of action.

Relator argues that section 93-2703, R.C.M.1947, does not come into play because the exception clause provides that the three year period allowed for commencing an action cannot be extended more than one year after the disability of insanity ceases, and, in the present case it was not necessary to "extend" the limitation period a year because Vadner had over one year remaining after losing the disability of insanity to begin his suit within the statute of limitations.

This is not the way we interpret this statute. This section provides that the statute of limitations is tolled by a period of insanity on the part of the plaintiff. According to the general view of the word "toll" it means to stop the running of the statute of limitations. Igoe v. Slaton Block Company, 329 S.W.2d 39 (Mo.1959). Thus the statute was "tolled" from April 11, 1962 until August 1, 1962, when it then began to run. Nothing has been shown to indicate that the exception clause comes into play in this case. Rather the exception clause does not come into play until the person has been under the disability for three years, the period of limitations.

The Supreme Court of Wisconsin in construing a statute identical with section 93-2703, R.C.M.1947, in Burnham Adm'r. v. Mitchell, 34 Wis. 117, held that where one was incapable by reason of unsoundness of mind to manage his affairs then the statute of limitations did not begin to run.

The district court was correct in denying relator's motions for summary judgment and judgment on the pleadings.

The relief sought is denied.

MR. JUSTICES JOHN C. HARRISON and HASWELL, concur.

MR. JUSTICE CASTLES, (dissenting):

I dissent.