No. 81-418

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

---

ROBERT SMITH,

Petitioner,

vs.

STURM, RUGER AND COMPANY, INC.,
a Connecticut Corporation and
WILLIAM B. RUGER, individually,

Respondents.

---

ORIGINAL PROCEEDING:

Counsel of Record:

For Petitioner:

Smith and Harper, Helena, Montana
Charles A. SMith, III, argued, Helena, Montana

For Respondents:

Poore, Roth, Robischon and Robinson, Butte, Montana
Robert Poore argued, Butte, Montana

Wildman, Harrold, Allen & Dixon, Chicago, Illinois

---

Submitted: January 11, 1982

Decided: April 15, 1982

Filed: **APR 1 5 1982**

_Thomas J. Kearney_ Clerk

Mr. Justice Daniel J. Shea delivered the Opinion of the Court.

The United States District Court, Montana District, Great Falls Division, has certified a question for this Court to decide concerning the running of the statute of limitations against a minor.

The certification presents the following issue: whether a minor injured by an allegedly defective product when he was 15 years and 2 months old (2 years and 10 months before attaining majority) has a period of 1 year or 3 years after attaining majority in which to bring a cause of action against the manufacturer?

On March 6, 1975, Robert Smith (petitioner) was injured by an accidental discharge from an allegedly defective revolver designed and manufactured by the respondent, Sturm, Ruger & Co. At the time of his injury, Robert Smith was 15 years and 2 months of age, or about 2 years and 10 months under the age of majority. He filed suit against Sturm, Ruger & Co. on April 17, 1980, 2 years and 3 and 1/2 months after attaining majority.

The applicable statute of limitations is section 27-2-204(1), MCA, which provides for a 3 year period within which to bring the action. Because Smith was a minor at the time this cause of action accrued, all parties agree that section 27-2-401(1) controls. Section 27-2-401(1), MCA, provides:

> "27-2-401. When person entitled to bring action is under a disability. (1) If a person entitled to bring an action mentioned in part 2, except 27-2-211(3), is, at the time the cause of action accrues, either a minor, seriously mentally ill, or imprisoned on a criminal charge or under a sentence for a term less than for life, the time of such disability is not a part of the time limited for commencing the action. However, the time so limited cannot be extended more than 5 years by any such disability except minority or, in any case, more

-2-

than 1 year after the disability ceases." (Emphasis added.)

Smith contends that section 27-2-401, tolls the normal three year period of limitations until the minor attains majority. Sturm, Ruger & Co. argues that the last sentence of section 27-2-401(1) creates an absolute one year period of limitations after majority.

This Court has already determined that section 27-2-401(1) operates to toll the applicable statute of limitations until the plaintiff is no longer disabled. The second sentence of the section does not come into play until the person is under the disability for the full statutory period of limitation. State ex rel. Hi-Ball Contr., Inc. v. District Court (1969), 154 Mont. 99, 460 P.2d 751. In Hi-Ball, we rejected the interpretation of section 27-2-401(1) urged by Sturm, Ruger & Co. We stated:

> "This is not the way we interpret this statute. This section provides that the statute of limitations is tolled by a period of insanity on the part of the plaintiff. According to the general view of the word 'toll' it means to stop the running of the statute of limitations. Igoe v. Slaton Block Company, 329 S.W.2d 39 (Mo. 1959). Thus the statute was 'tolled' from April 11, 1962 until August 1, 1962, when it then began to run. Nothing has been shown to indicate that the exception clause comes into play in this case. Rather the exception clause does not come into play until the person has been under the disability for three years, the period of limitations." (Emphasis added.) 460 P.2d at 754.

While section 27-2-401(1) is hardly a model of good draftsmanship, we nonetheless believe that the intent of the statute was to preserve rights of action that accrue during a disability, such as minority. The law favors a right of action over a right of limitation, and a statute which tolls a statute of limitation will be liberally construed in order to accomplish that purpose. In Re Goldworthys' Estate (1941), 45 N.M. 406, 115 P.2d 627.

-3-

We therefore find that the statute allows the petitioner the full statutory period (3 years) in which to file his action after attaining majority.



_Daniel J. Shea_
Justice

We Concur:

_____
Chief Justice

_Gene B. Daly_

_John Conway Harrison_

_____


_____
Justices

Mr. Chief Justice Frank I. Haswell specially concurring:
I concur in the foregoing opinion on the basis of stare decisis.

_Frank I. Haswell_
Chief Justice

-4-

Mr. Justice Frank B. Morrison, Jr., specially concurring:

I concur in the result. However, I would overrule State ex rel. Hi-Ball Contr., Inc. cited in the majority opinion. In my opinion, the statute of limitations applicable to a minor extends one year after that minor reaches majority qualified by the fact that the normal statute of limitations cannot be shortened. In other words, a minor is entitled to the regular statute of limitations which is applicable, but if that period of time has expired the minor is entitled to one year after reaching majority within which to file the action.

However, the plaintiff in this case was entitled to rely upon our previous decision in Hi-Ball. Under these circumstances, I would permit the plaintiff's action to go forward.

_____
Justice

We join in the foregoing special concurrence.

_____

_____
Justices

-5-