Dear Senator Quick:
This opinion letter is in response to your request for our interpretation of the meaning of certain language in Section260.805, RSMo 1986. In interpreting the statute, the fundamental rule is to ascertain the intent of the General Assembly from the language used and to give effect to that intent. Brown Group, Inc. v. Administrative Hearing Commission,649 S.W.2d 874, 881 (Mo. banc 1983).
Section 260.805 is one of four sections enacted by Senate Bill No. 754, 83rd General Assembly, Second Regular Session, entitled "An Act Relating to Waste to Energy Facilities". Such section provides:
 260.805. Electric suppliers to purchase electricity generated, rate allowable. — When any portion of a waste to energy facility is owned, operated or leased by a governing body, the electrical supplier serving the area shall be required to enter into long-term contracts to purchase the electricity generated by the waste to energy facility at the same rate the utility charges the governing body for energy used. Provided, however, that the rate paid by the electric supplier for such energy shall be such that no other customer class or classes shall ever directly or indirectly subsidize any part of the cost of owning, operating or maintaining the trash to energy facility, unless they receive a direct or indirect benefit.
Your first question asks:
 In the first sentence of Section 260.805, RSMo, does the phrase "the same rate the utility charges the governing body for energy used," mean the total charges from the utility to the governing body for electricity purchased from the utility including the rates for electric capacity which vary with the time of purchase, and the rate for electric energy actually consumed?
We answer in the affirmative. The word "energy" appears no fewer than five times in Section 260.805. We believe that in each instance the word "energy" is used as a synonym for "electricity". Therefore, we believe that the quoted excerpt from the first sentence in Section 260.805 means the same rate (price) that the utility charges the governing body for electricity used by the governing body.
Your second question asks:
 In the second sentence of Section 260.805, RSMo, what is meant by the phrase "directly or indirectly subsidize any part of the cost of owning, operating or maintaining the [waste] to energy facility?"
We believe that the quoted excerpt from the second sentence in Section 260.805, when considered in the context of the language immediately preceding it and immediately following it, means that no other customer class or classes shall ever be required to pay a higher price for electricity in order to pay for any part of the cost of owning, operating or maintaining a waste to energy facility, unless they receive a direct or indirect benefit from it.
Your third question asks:
 Finally, in the second sentence of Section 260.805, RSMo, does the phrase "direct or indirect benefits [sic]" to other customers or classes of customers include the societal benefits of more efficiently, economically and environmentally benignly treating wastes generated by residents of Missouri as the true test of whether such customers of classes of customers receive a direct or indirect benefit from the waste to energy facility?
We answer in the negative. We do not believe that the societal benefit of more efficient, economical or environmentally benign treatment of wastes generated by residents of Missouri is the kind of "direct or indirect benefit" contemplated by the concluding clause in Section 260.805. By prohibiting subsidization of a waste to energy facility by customers or customer classes unless they receive a direct or indirect benefit from the facility, the second sentence in Section 260.805 recognizes that not all customers and customer classes will receive such a benefit. To conclude that all customers and customer classes of an electric utility will receive a benefit merely from the presence of a waste to energy facility at some location within the utility's service area would require the corollary conclusion that the second sentence in Section 260.805 was included with the intent that it should be wholly superfluous and without any purpose whatsoever, an intent we are unwilling to ascribe to the lawmakers. Unless a statute is incongruous or unintelligible, a court may not insert words into it nor delete words, for a court cannot presume that the legislature intended to use superfluous or meaningless words. Welborn v. Southern Equipment Company,386 S.W.2d 432, 436 (Mo.App. 1964).
Very truly yours,
 WILLIAM L. WEBSTER Attorney General