No. 88-42

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

---

CONNIE S. LIVINGSTON, a/k/a
CONNIE WADSWORTH,

       Plaintiff and Appellant,

  -vs-

WILLIAM LIVINGSTON, EDWARD LIVINGSTON,
and FIREMAN'S FUND INSURANCE COMPANY,

       Defendants and Respondents.

---

APPEAL FROM:  District Court of the Third Judicial District,
               In and for the County of Powell,
               The Honorable Ted L. Mizner, District Judge.

COUNSEL OF RECORD:

     For Appellant:

         Deirdre Caughlan; Dunlap & Caughlan, Butte, Montana

     For Respondent:

         Donald R. Lodders; Crowley, Haughey, Hanson, Toole &
         Dietrich, Billings, Montana
         James M.Kommers, Landoe, Brown, Planalp & Kommers, P.C.,
         Bozeman, Montana

                       Submitted on Briefs:  June 2, 1988

                             Decided:  June 28, 1988

Filed:  JUN 2 8 1988

*Ethel M. Harrison*
               Clerk

Mr. Justice John Conway Harrison delivered the Opinion of the Court.

The plaintiff appeals from a decision of the District Court of the Third Judicial District, Powell County, that her claim in damages was barred by the statute of limitations, § 27-2-401(1), MCA. We affirm.

The plaintiff suffered a loss of vision in her left eye on November 12, 1977, at which time she was approximately twelve years, two months old. She was struck in the face by glass from a window broken by her brother, William, at the home of their father, Edward. The injuries not only destroyed the vision in her left eye, but also soon thereafter forced surgical removal of the eye. Plaintiff became eighteen years old on September 8, 1983.

On August 26, 1986, eight years and nine and one-half months after the injury and two years and eleven and one-half months after the plaintiff's eighteenth birthday, she filed a complaint asking for damages from the defendants.

The defendant-insurer filed a motion for summary judgment on January 6, 1987, claiming inter alia, that the statute of limitations had expired. Defense attorneys served written notice on May 26, 1987 to clarify the record that that motion had been filed on behalf of the brother and father, not the insurance company. The District Court held a hearing on the motion on October 15, 1987, and subsequently ordered the complaint be dismissed because more than one year had passed from the time plaintiff achieved majority to filing of the complaint.

Section 27-2-204, MCA, prescribes a limitation of three years for commencement of an action for damages. At the same time, § 27-2-401, MCA (1985), permits that period of

2

limitation to be extended for one year after a minor attains the age of majority:

> (1) If a person entitled to bring an action . . . is, at the time the cause of action accrues, either a minor, seriously mentally ill, or imprisoned on a criminal charge or under a sentence for a term less than for life, the time of such disability is not a part of the time limited for commencing the action. However, the time so limited cannot be extended more than 5 years by any such disability except minority or, in any case, more than 1 year after the disability ceases.

The issue in this case is whether a plaintiff whose ordinary period of limitations would have run completely and expired while she was under the disability of minority is allowed an additional period of limitation (not to exceed five years) upon her eighteenth birthday or is limited to an additional one year. We conclude that she is limited to one year and hence plaintiff in this case had only until September 8, 1984, her nineteenth birthday, to file a claim for damages.

Section 27-2-401(1), MCA (1985), serves to toll the applicable statute of limitations only until the plaintiff is relieved of her disability. Smith v. Sturm, Ruger and Co., Inc. (1982), 198 Mont. 47, 49, 643 P.2d 576, 577; State ex rel. Hi-Ball Contractors, Inc. v. District Court (1969), 154 Mont. 99, 105, 460 P.2d 751, 754. The second sentence of § 27-2-401(1), MCA (1985), which included the apparently contradictory time periods, applied only if the plaintiff had been disabled for a full period of limitations. See, Smith, 643 P.2d at 577. In the present case that second sentence applied because the period of limitations is three years and

3

the plaintiff spent nearly five years, ten months under the disability of minority.

In this case the plaintiff had only one year after the disability of minority ended to file her complaint. This result differs from Smith because in that case the damaged plaintiff had suffered his injury two years, and ten months before attaining the age of majority. Because the entire three-year period of limitations had not expired while he was under a disability, the statute afforded him a full three-year period of limitations after he reached majority. Smith, 643 P.2d at 577. A concurring opinion perhaps states the rule most clearly:

> [T]he statute of limitations applicable to a minor extends one year after that minor reaches majority qualified by the fact that the normal statute of limitations cannot be shortened. In other words, a minor is entitled to the regular statute of limitations which is applicable, but if that period of time has expired the minor is entitled to one year after reaching majority . . .

Smith, 643 P.2d at 578 (Morrison, J., concurring; Sheehy and Weber JJ., joining).

The Montana Legislature acted in 1987 to end the confusion. It amended § 27-2-401(1), MCA, as of October 1, 1987, to remove from the second sentence the clause imposing a one-year limitation after cessation of the disability. What remains is an exception to the statute of limitations that allows extension of time for the enumerated disabilities but not for more than five additional years. Plaintiff asserts that the spirit of this amendment plus the general rule that the law favors rights of actions over limitations is sufficient to revive her claim. She fails, however, to acknowledge that periods of limitations are "the

4

legislature's rough approximation of 'the point at which the interests in favor of protecting valid claims are outweighed by the interests in prohibiting stale ones.'" Thiel v. Taurus Drilling Ltd. 1980-II (Mont. 1985), 710 P.2d 33, 37, 42 St.Rep. 1520, 1524; quoting Johnson v. Railway Express Agency (1975), 421 U.S. 454, 463-64, 95 S.Ct. 1716, 1722, 44 L.Ed.2d 295, 303.

While the Legislature amended the statute in 1987 to make it clearer and less ambiguous, it is clear that the prior statute precluded this claim because the claim was not filed in the year immediately following the plaintiff's ascension to majority. Plaintiff has not claimed any disability attending her at that date and has not argued that she was unaware of the claim until later. Indeed it would appear from the nature of her complaint that she must have known for almost nine years of her injury. The statute in existence at the time she filed her complaint and at the time the summary judgment motion was filed afforded her one year's grace after majority to file her complaint. She failed to do so; the Legislature's subsequent amendment of the statute will not be construed to forgive her delinquency.

Because we have decided that plaintiff's claim is barred by the appropriate statute of limitations, we need not address her second issue dealing with interfamilial tort immunity.

Affirmed.

_John Conway Harrison_
Justice

5

We concur:

_J. A. Turnage_
Chief Justice

_William E. Hunter_

_Fred J. Weber_

_L. C. Gulbrandson_

_John C. Sheehy_

_R. C. McDonough_
Justices